```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA**           :
                                           :           **CRIMINAL ACTION**
        **v.**                   :
                                           :           **NO. 05-10085-RCL**
**HANA F. AL JADER**                  :

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## <u>MOTION TO MODIFY CONDITIONS OF RELEASE</u>

The defendant has moved this Court to modify her conditions of release by removing electronic monitoring and any home confinement. Because the defendant remains a serious risk of flight, the government opposes any easing of her conditions of release.

The premise of defendant's motion is three-fold: the claim that her movement of large quantities of household goods to Saudi Arabia was merely a function of her business; she has abided by her current conditions; and she needs less restriction to meet with her attorney and care for her family. None of these claims undercut the fact that she and her family are foreign nationals, with access to large sums of money, and that she has every incentive to flee the prospect of a substantial prison sentence.

First, whether or not the shipping containers were filled with household goods related to the defendant's business, there is no dispute that defendant had never before shipped her entire inventory to Saudi Arabia by use of these large, ocean-going containers. Indeed, when asked about her business in November,

2004, the defendant told agents that her export business consisted of taking small items, like jewelry, with her to Saudi Arabia to resell.  Moreover, the statement made by defendant's sons to the delivery driver -- not to unpack the boxes because the family was moving back to Saudi Arabia -- should not, and cannot, be dismissed as indicative of intended flight.

Second, that defendant has abided by her conditions simply means that they have worked so far.

Third, the defendant has not shown that her household has been unable to adequately function with the assistance of the many associates, including her business partner and tutor, that frequent her residence.  As for providing assistance to her attorney, such pre-arranged visits can be effectively arranged with pre-trial.

In sum, the defendant has not shown that her conditions of release should be made less restrictive.  She has offered no new material evidence that was not presented at the hearing on April 8, 2005.  The current conditions were imposed by this Court with legitimate and justified concern for the defendant's risk of flight, and such continued concern is fully warranted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ S. Theodore Merritt
      S. THEODORE MERRITT
      Assistant U.S. Attorney