IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

## DEFENDANTS MOTION TO MODIFY CONDITIONS OF RELEASE

Now comes the Defendant, Hana F. Al Jader, through undersigned counsel and respectfully moves this Honorable Court for an order modifying the previously entered conditions of release, confining her to her home with electronic monitoring.

In support thereof, counsel represents as follows:

### I. BACKGROUND

1.     The Defendant, Hana F. Al Jader, was indicted in the United States District for the District of Massachusetts and charged in a ten count indictment with violations of the forced labor law; document servitude; false records; visa fraud; and harboring aliens unlawfully in the United States.

2.     The Defendant was arrested and brought before the Court for her initial appearance March 30, 2005.

3.     By agreement with the United States Attorney, the Defendant's arraignment and detention hearing were continued until April 1, 2005.

4.     On April 1, 2005, this Honorable Court, after hearing, entered an order releasing Ms. Al Jader on conditions, a copy of which is attached hereto and marked Exhibit A.

5.     The Defendant, Hana F. Al Jader, as a condition of her release voluntarily produced her diplomatic passport and surrendered same to the custody of the Clerk of the United States District Court for the District of Massachusetts.

6.     The Court in its discretion released the Defendant on house arrest on the afternoon of April 1, 2005. A condition of her continued release was the requirement that the Defendant not later than 5:00 p.m. on the following Tuesday, April 5, 2005 (two

business days later) submit in a form of acceptable to the office of the United States Attorney a series of documents including, appraisals, title rundowns, signed escrow agreements, and Quitclaim Deeds to be held in the escrow by the Clerk of the United States District Court for the District of Massachusetts for two properties (62 Cambridge Street, Winchester, Massachusetts and 353 Mystic Street, Arlington, Massachusetts).

7.      The Court imposed deadline of Tuesday April 5, 2005 also required the Defendant to record in the Middlesex South Registry of Deeds two mortgages in favor of the government on the aforementioned Arlington and Winchester properties.

8.      **Following the Defendant's release she remained at liberty in her home from Friday, April 1, 2005 until Tuesday, April 5, 2005, when the two deeds and mortgages ordered by the Court to be executed and recorded in the Middlesex South Registry of Deeds, were filed. (emphasis added).**

9.      On Friday April 8, 2005 with less than a one hour notice, based on the United States Attorney's ex parte Motion requesting an immediate hearing to revoke the Defendant's release, the Defendant appeared with counsel before this Honorable Court for further proceedings.

10.     The forthwith scheduling of the government's ex parte motion for an immediate hearing deprived the Defendant of a meaningful opportunity to prepare for the hearing on April 8, 2005.

11.     Following the April 8, 2005 hearing, this Honorable Court modified the Defendant's previously proposed conditions of release by imposing an additional condition that the Defendant be confined to her home, and monitored by means of an electronic monitoring device.

12.     Undersigned counsel has on April 13, 2005 and April 19, 2005 continued to provide information to both the United States Attorney and Pre-trial Services concerning on-going activities at the Defendant's Winchester residence, including but not limited to activities involving the loading of an overseas container located at the Winchester residence, and the names of all individuals who have been working or residing at 62 Cambridge Street, Winchester, Massachusetts.

13.     Pre-Trial services has permitted the Defendant to travel from Winchester to 66 Long Wharf, Boston, Massachusetts, the office of her counsel, on two separate

occasions (April 30, 2005 from 10:00 a.m. to 3:00 p.m. and May 5, 2005 from 1:00 p.m. to 7:00 p.m.) without incident.

## II  THE EVIDENCE OFFERED AT THE APRIL 8, 2005 HEARING CONTAINED MISINFORMATION AND INSUFFICIENT EVIDENCE TO JUSTIFY HOME CONFINEMENT AND ELECTRONIC MONITORING

14.     The basis for the government's request to revoke the Defendant's bail was set forth in the government's motion with supporting affidavit (hereinafter the "Government Submission", a copy of which is attached hereto and marked Exhibit B).

15.     Paragraph 4 of Exhibit B reflects that on April 7, 2005 a large truck was observed in front of Defendant's residence in Winchester containing 29 boxes from Design Toscano a home furnishing company located in Elk Grove, Illinois.

16.     The Courts attention is respectfully directed to the invoices attached hereto and collectively marked Exhibit C, which reflects that multiple items of home furnishings and furniture were ordered on March 1, 2005 (a date approximately one month prior to the Defendant's arrest, and three and one half months after the Defendant's residence was searched by the Federal agents on November 16, 2004).

17.     During the November 16, 2004 search of the Defendant's residence the searching agents observed a substantial amount of similar personality and furniture being stored throughout the house in sealed boxes, awaiting export to Saudi Arabia.

18.     The compendium of invoices in Exhibit C reflect that the large quantity of personal furnishing (many of which are duplicates of the same item) were ordered well in advance of the Defendant's arrest and indictment, and were purchased for export to Saudi Arabia as part of the Defendant's ongoing import/export business.

19.     Information contained in the government's initial disclosures makes clear that the United States Attorney knew that the Defendant prior to her arrest was in the import/export business, and had been during the relevant time period.

20.     Paragraph 7 of the Government's Submission notes that Pre-trial Service Officers Thomas O'Brien and his supervisor Basil Cronin during a home visit on April 7, 2005, were informed by the Defendant that the personal goods, home furnishings and furniture referred to above were being exported to Saudi Arabia, as part of her import/export business.

21.     Also in paragraph 7 of the Government's Submission they state that a large oceangoing container had been brought to the Defendant's residence.

22.     Exhibit D attached hereto is a photograph of the red container, which can be viewed from the street in front of the Defendant's residence, in a prominent position directly in plain view.

23.     The container used for shipping goods from the United States to Saudi Arabia was ordered prior to the Defendant's arrest on March 30, 2005.

24.     The Court's attention is respectfully directed to the Affidavit of Evans Tsiaousopoulos (attached hereto and marked as Exhibit E) which sets forth the chronology relating to the ordering of the shipping container. **The container was ordered prior to the Defendant's arrest. (emphasis added)**

25.     As a further basis for their motion, the United States Attorney alleges that two teenage sons of the Defendant purportedly advised a truck driver not to set up furniture in the residence.

26.     Pre-trial service officers who have made at least (4) four home visits since the Defendant's release can confirm that the house is fully furnished, and that setting up additional items of furniture would take up a substantial amount of furnished living space, and would not be needed for use by the occupants.

27.     The United States Attorney also relied on the assertion that one of the Defendant's teenage sons reported to a truck driver that the FBI had been harassing the family and had raided the house a number of times. The child also suggested that the family intended to move back to Saudi Arabia at some unspecified time.

28.     This information can be easily explained.

29.     The Search Warrant Execution Log reflects, that the search conducted of the Defendant's single family residence at 62 Cambridge Street, Winchester, Massachusetts lasted five hours, (see Search Warrant Execution Log attached hereto and marked as Exhibit E) and utilized the services of approximately 20 FBI and ICE agents. (See excerpt of investigation report dated November 17, 2004 attached hereto and marked as Exhibit F).

30.     Clearly, the Defendant's young son formed the opinion that a five hour search by 20 armed agents was in his view a form of harassment. His opinion does not

provide a credible basis to conclude that because he is unhappy in the United States and believes his family is being harassed, that the Defendant intends to flee the jurisdiction.

### III. REASONS TO MODIFY CONDITIONS OF RELEASE

31.     There was no additional credible evidence introduced at the April 8, 2005 hearing sufficient to form a basis to require home confinement and electronic monitoring.

32.     **There is no evidence or statements attributable to the Defendant indicating that at any time she intended to leave the United States prior to the resolution of her pending case.  To the contrary, the Defendant has at all times by her conduct demonstrated a clear intention to remain in the United States. (emphasis added)**

33.     The Defendant, Hana F. Al Jader, is the principal caregiver for her six children and invalid husband, none of whom are licensed or authorized to operate a motor vehicle in the Commonwealth of Massachusetts.

34.     The Defendant, Hana F. Al Jader, at presents relies on friends and third parties to shop for food and other items necessary to maintain her family.

35.     The Defendant, Hana F. Al Jader, needs the ability to leave her residence in order to provide the necessary care and support her family requires.

36.     The Government has produced approximately 4,000 pages of discovery material and identified numerous individuals who may have relevant information in this case.

37.     The Defendant is represented by James Michael Merberg, a sole practitioner with offices at 66 Long Wharf, Boston, Massachusetts who needs the ability to confer with the Defendant on a regular and a re-occurring basis.

### IV. ARGUMENT

Counsel respectfully submits that the receipt of a substantial quantity of personal home furnishings and furniture ordered one month prior to the Defendant's arrest, and the subsequent placement of a large bright red ocean going container directly in front of the Defendant's residence (ordered prior to her arrest and delivered following her release on bail) do not constitute a change of circumstances sufficient to warrant a change in the Defendant's conditions of release.  Similarly, these facts do not warrant a conclusion that the Defendant intends to flee from the United States.

Further, the above-referenced compendium of information and attached supporting documentation make clear that the activities complained of by the government were based on false assumptions, misinformation, and counsel respectfully suggests were insufficient to justify the imposition of the additional component of home confinement and electronic monitoring on the Defendant.

**Lastly, the Defendant, Hana F. Al Jader, has complied with all conditions of her pre-trial release without exception, and her continued confinement by electronic monitoring to her residence has and will continue to interfere with her ability to care for her invalid husband and six children, and hamper her ability to assist in the preparation of her defense. (emphasis added)**

### IV. CONCLUSION

WHEREFORE, the Defendant, through counsel, respectfully moves this Honorable Court for an order modifying the previously imposed conditions of release by vacating the requirement that she be confined to her home and subject to electronic monitoring pending trial.

Respectfully submitted,
Hana F. Al Jader
By her attorney,

James Michael Merberg, Esquire
B.B.O. No. 343020
66 Long Wharf
Boston, Massachusetts 02110
Tel. (617) 723-1990

# UNITED STATES DISTRICT COURT

**District of** _____ MASSACHUSETTS _____

United States of America

V.

**ORDER SETTING CONDITIONS
OF RELEASE**

HANA F. AL JADER
Defendant

Case Number:  CR0510085 RCL

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as

directed. The defendant shall appear at (if blank, to be notified) _____ AS DIRECTED BY THE COURT _____

Place

_____ on _____

Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( **X** )  The defendant executes an unsecured bond binding the defendant to pay the United States the ONE MILLION IN PROPERTY ----------------------------00/100 __ dollars ($ 1, 000,000,000.00 ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

EXHIBIT A

## Additional Conditions of Release

.

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(    ) (6)    The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____    (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

                    Custodian or Proxy                                                        Date

( **X** ) (7)    The defendant shall:

( **X** ) (a)    report to the    PRETRIAL SERVICES IN PERSON    ,

telephone number    _____ , not later    10:00 AM EACH MONDAY    .

( **X** ) (b)    execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

**PROPERTIES AT 62 CAMBRIDGE STREET IN WINCHESTER; 339 MYSTIC STREET IN ARLINGTON (SEE BELOW)*****

(    ) (c)    post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

(    ) (d)    execute a bail bond with solvent sureties in the amount of $ _____ .

(    ) (e)    maintain or actively seek employment.

(    ) (f)    maintain or commence an education program.

( **X** ) (g)    surrender any passport to:    PRETRIAL SERVICES FORTHWITH    _____

( **X** ) (h)    obtain no passport.

( **X** ) (i)    abide by the following restrictions on personal association, place of abode, or travel:

MAINTAIN RESIDENCE AND NOT TO MOVE WITHOUT PRIOR PERMISSION OF THE COURT; TRAVEL RESTRICTED TO MA

(    ) (j)    avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

(    ) (k)    undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

(    ) (l)    return to custody each (week) day as of    _____ o'clock after being released each (week) day as of_____ o'clock for employment, schooling, or the following limited purpose(s): _____

(    ) (m)    maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( **X** ) (n)    refrain from possessing a firearm, destructive device, or other dangerous weapons.

(    ) (o)    refrain from    (    ) any    (    ) excessive use of alcohol.

(    ) (p)    refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(    ) (q)    submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(    ) (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(    ) (s)    refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(    ) (t)    participate in one of the following home confinement program components and abide by all the requirements of the program which    ( X ) will or    ( X ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

(    ) (i) **Curfew.** You are restricted to your residence every day    (    ) from    _____ to    _____ , or    (    ) as directed by the pretrial services office or supervising officer; or

(    ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

(    ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( **X** ) (u)    report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( **X** ) (v)    NOT TO VIOLATE ANY LOCAL, STATE OR FEDERAL LAWS;

NOTIFY PRETRIAL SERVICES WITHIN 24 HOURS OF ANY NEW ARREST

( **X** ) (w)    SEEK PERMISSION FROM THE COURT TO CHANGE RESIDENCE WITHIN MASSACHUSETTS

****AND BUSINESS INTEREST AT 705 TURNPIKE ST IN CANTON TOGETHER WITH EQUITY IN THE VALUE OF $1 MILLION

( **X** ) (x)    REPORT ALL PRIVATELY EMPLOYED PERSONS ENGAGING IN SERVICES AT THE RESIDENCE, TO THE PRETRIAL SERVICES

REMAIN UNDER HOUSE ARREST UNTIL ALL PROPERTY PAPERS ARE POSTED ON 4/5/05.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____

Signature of Defendant

62 Cambridge Street

Address

Winchester, MA  01890

City and State                        Telephone

## Directions to United States Marshal

( **X** ) The defendant is ORDERED released after processing.

(      ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____4/1/05_____                        _____

Signature of Judicial Officer

REX BROWN, COURTROOM CLERK

Name and Title of Judicial Officer

DISTRIBUTION:  COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 199A    (Rev. 6/97) Order Setting Conditions of Release                                Page 1 of ___3___ Pages

# UNITED STATES DISTRICT COURT

### District of _____ MASSACHUSETTS

United States of America

V.

**ORDER SETTING CONDITIONS OF RELEASE**

HANA F. AL JADER _____          Case Number:   CR0510085 RCL
_____ Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

    (1)  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (2)  The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

    (3)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as

    directed.  The defendant shall appear at (if blank, to be notified) _____ AS DIRECTED BY THE COURT _____
                                                                             Place

_____ on _____
                                                                       Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( X )  The defendant executes an unsecured bond binding the defendant to pay the United States the ONE MILLION IN PROPERTY -----------------------------00/100 _____ dollars ($ 1,000,000,000.00 ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

EXHIBIT A

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(    ) (6)  The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____    (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

Custodian or Proxy _____    Date _____

( **X** ) (7)  The defendant shall:

( **X** ) (a)  report to the   PRETRIAL SERVICES IN PERSON   .

telephone number _____ , not later   10:00 AM EACH MONDAY

( **X** ) (b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

**PROPERTIES AT 62 CAMBRIDGE STREET IN WINCHESTER; 339 MYSTIC STREET IN ARLINGTON (SEE BELOW)*****

(    ) (c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____

(    ) (d)  execute a bail bond with solvent sureties in the amount of $ _____

(    ) (e)  maintain or actively seek employment.

(    ) (f)  maintain or commence an education program.

( **X** ) (g)  surrender any passport to:   PRETRIAL SERVICES FORTHWITH

( **X** ) (h)  obtain no passport.

( **X** ) (i)  abide by the following restrictions on personal association, place of abode, or travel:

MAINTAIN RESIDENCE AND NOT TO MOVE WITHOUT PRIOR PERMISSION OF THE COURT; TRAVEL RESTRICTED TO MA

(    ) (j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

(    ) (k)  undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

(    ) (l)  return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

(    ) (m)  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( **X** ) (n)  refrain from possessing a firearm, destructive device, or other dangerous weapons.

(    ) (o)  refrain from  (    ) any  (    ) excessive use of alcohol.

(    ) (p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(    ) (q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(    ) (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(    ) (s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(    ) (t)  participate in one of the following home confinement program components and abide by all the requirements of the program which ( **X** ) will or ( **X** ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

(    )  (i) **Curfew.** You are restricted to your residence every day (    ) from _____ to _____ , or (    ) as directed by the pretrial services office or supervising officer; or

(    )  (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

(    )  (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( **X** ) (u)  report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( **X** ) (v)  NOT TO VIOLATE ANY LOCAL, STATE OR FEDERAL LAWS;

NOTIFY PRETRIAL SERVICES WITHIN 24 HOURS OF ANY NEW ARREST

( **X** ) (w)  SEEK PERMISSION FROM THE COURT TO CHANGE RESIDENCE WITHIN MASSACHUSETTS

****AND BUSINESS INTEREST AT 705 TURNPIKE ST IN CANTON TOGETHER WITH EQUITY IN THE VALUE OF $1 MILLION

( **X** ) (x)  REPORT ALL PRIVATELY EMPLOYED PERSONS ENGAGING IN SERVICES AT THE RESIDENCE, TO THE PRETRIAL SERVICES

REMAIN UNDER HOUSE ARREST UNTIL ALL PROPERTY PAPERS ARE POSTED ON 4/5/05.

### Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

62 Cambridge Street _____
                                    Address

Winchester, MA  01890 _____
City and State                          Telephone

### Directions to United States Marshal

( **X** ) The defendant is ORDERED released after processing.

(      ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____ 4/1/05 _____    _____
                                                                          Signature of Judicial Officer

                                                                          REX BROWN, COURTROOM CLERK _____
                                                                          Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-10085-RCL |
| HANA F. AL JADER | : | |

## GOVERNMENT'S EX PARTE MOTION FOR AN IMMEDIATE HEARING ON THE REVOCATION OF DEFENDANT'S RELEASE

The government respectfully moves ex parte for a hearing on revoking the release of defendant Hana F. Al Jader ("Al Jader") and detaining her pending trial in this matter. As grounds therefor, as explained in more detail in the attached affidavit of Special Agent Glen Fitzpatrick, Department of Homeland Security, the government states that there is new evidence which shows that defendant is a serious risk of flight and is unlikely in the future to abide by any condition or combination of conditions of release.

 1.) The indictment in this case, returned on March 29, 2005, charges Al Jader with forced labor, document servitude, falsification of records, visa fraud and harboring an alien in the United States for private financial gain.

2.) On March 30, 2005, at Al Jader's initial appearance, the government moved, pursuant to 18 U.S.C. §3142(f)(2)(B), for detention based on its belief that no condition or combination of conditions would assure her appearance for trial.

EXHIBIT B

3.) A detention hearing was held on April 1, 2005. The Court determined that the defendant could be released if she could post bail in the amount of $1 million, secured by her two residences in Winchester and Arlington. The defendant was released and placed on house arrest until such time as the bail was posted. On April 5, 2005, the defendant, through counsel, filed the required documentation securing the properties as bail. Since that date, the defendant's travel is restricted to Massachusetts and she is required to report in person to pre-trial every Monday.

4.) On April 7, 2005, in the morning, a large truck was observed in front of the defendant's residence in Winchester. The truck was from D.C. Enterprises. It contained 29 boxes from a furniture company in Illinois. These brown boxes of varying sizes were observed to be unloaded and left sitting in the front yard.

5.) Federal agents later interviewed an employee from D.C. Enterprises. He stated that he believed the boxes contained different kinds of furniture ordered by Hana F. Al Jader from Design Toscano, Elk Grove Village, Illinois. The delivery left Illinois on March 17, 2005. The delivery service was hired to deliver the furniture on March 28, 2005 but was unable to contact anyone. On April 6, 2005, an unknown male at the address arranged for the delivery on April 7, 2005 and requested "white

2

glove service," which is setting up the furniture and removing
the boxes and wrapping.

6.) Federal agents also interviewed the driver of the truck
after the delivery was made. He stated that after he arrived to
unload the boxes, two teenage males came from the house and told
him that their mother was asleep inside. The sons then went on
to tell the driver not to set up the furniture because the family
was moving back to Saudi Arabia and this would be the furniture
for our new house. When the driver asked why the delivery was
not just sent directly to Saudi Arabia, the sons said that they
did not have a new address yet. The sons said that the FBI had
been harassing the family and had raided the house three times.
The driver and the sons then unloaded the boxes and left them on
the front lawn.

7.) On April 7, 2005, Pre-trial Services Officer Thomas
O'Brien and his supervisor, Basil Cronin, made a home contact at
the defendant's home. They saw the all the boxes on the lawn and
asked the defendant to explain what was going on. She told them
that the boxes were for her import/export business in which she
buys goods and has them exported to Saudi Arabia. Upon
questioning, the defendant also said she was still committed to
the approved home plan to reside in the Winchester address.

7.) On April 8, 2005, at approximately 10:40 a.m., federal
agents observed a truck drop off a large empty ocean-going

3

container at the defendant's residence. Investigation has shown that the freight container was ordered only the day before by the defendant's son to be shipped by the Mediterranean Shipping Company to Saudi Arabia, departing on April 16, 2005.

3.) Given the representations of the son to a disinterested person that the family was moving to Saudi Arabia and the corroborating facts, and given the defendant's inconsistent and incomplete explanation about the furniture delivery given to pre-trial service officers, the government submits that there is new and substantial evidence that the defendant is getting ready to flee the country.

Wherefore, the government seeks an immediate hearing on the revocation of the defendant's release.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

S. THEODORE MERRITT
Assistant U.S. Attorney

Date: April 8, 2005

4

## AFFIDAVIT

I, Glen Fitzpatrick, being duly sworn, do hereby state as follows:

1. I am a Special Agent with Immigration and Customs Enforcement ("ICE"), Department of Homeland Security, and have been so employed for nine years.

2. On April 7, 2005, in the morning, I was advised by other federal agents that a large truck was in front of the defendant's residence in Winchester. The truck was determined to be from D.C. Enterprises, a transport and delivery company. Federal agents later observed several brown boxes of varying sizes to be unloaded and left sitting in the front yard.

3. Federal agents later interviewed an employee from D.C. Enterprises. He stated that the delivery contained 29 boxes from Design Toscano, Elk Grove Village, Illinois, a furniture company. The furniture was ordered by Hana F. Al Jader. The delivery left Illinois on March 17, 2005. The delivery service was hired to deliver the furniture on March 28, 2005 but was unable to contact anyone. On April 6, 2005, an unknown male at the address arranged for the delivery on April 7, 2005 and requested "white glove service," which is setting up the furniture and removing the boxes and wrapping.

4. Another federal agent and I also interviewed the driver of the truck after the delivery was made. He stated that after he arrived to unload the boxes, two teenage males came from the

house and told him that their mother was asleep inside. The sons then went on to tell the driver not to set up the furniture because the family was moving back to Saudi Arabia and this would be the furniture for our new house. When the driver asked why the delivery was not just sent directly to Saudi Arabia, the sons said that they did not have a new address yet. The sons said that the FBI had been harassing the family and had raided the house three times. The driver and the sons then unloaded the boxes and left them on the front lawn.

5.   On April 8, 2005, at approximately 10:40 a.m., federal agents observed a semi-tractor trailer truck pull up in front of the defendant's residence. The truck left a large metal, ocean-going container, approximately 20 feet long, 8 feet high and 8 feet wide.

6.   On April 8, 2005, agents contacted the company providing the freight container, M&S Express in Medford. An employee advised that the company was requested yesterday by a "Mr. Nayef" at 62 Cambridge Street, Winchester, to deliver the freight container to that address. The container will then be shipped by Mediterranean Shipping Company out of Boston. I know that Naif is the name of the defendant's oldest son.

7.   On April 8, 2005, agents spoke to an employee of the shipping company who stated that the container has to be at the port by April 12 and is scheduled to be shipped on April 16, 2005 to Jeddah, Saudi Arabia.

Glen Fitzpatrick
Special Agent
ICE

Subscribed and sworn before me this 8th day of April, 2005.

Laura M. Graham
Notary Public
My Commission - Expires 27 March 2009

1400 Morse Ave.
Elk Grove Village, IL 60007-5722
DESIGN TOSCANO
ACCOUNT #: 0069946044    ORD. #: P083297501058
BILL TO: HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|---|---|---|---|---|---|
| 1 | HCLKX XX SY 33 | VERSAILLES CLOCK AND CANDELABRA SET | NR | | |
| | | DO NOT LEAVE LIT CANDLES UNATTENDED | | | |
| | | CANDLES NOT INCLUDED | | | |
| 1* | HCLKX XX SY 01 | VERSAILLES CLOCK | NR | | TT25AAC3 |
| 1* | HCLKX XX SY 59 | VERSAILLES CANDELABRA SET OF 2 | NR | | RR12AA01 |
| | | DO NOT LEAVE LIT CANDLES UNATTENDED | | | |
| | | CANDLES NOT INCLUDED | | | |

The following items have been backordered

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|---|---|---|---|---|---|
| 1 | WTAPX XX TX C11202 | THE TRIUMPH OF APOLLO | | | |
| 1 | HFRNX XX GA 3650 | NETTLESTONE LIBRARY ENSEMBLE | FRT-NR | | |
| 1 | SSMAX XX GO 354 | CUPID AND PSYCHE BUST | | | |

03/01/05 205CCXA0UNKNOWN   03/25/05 0000285004 03 02

---

design **TOSCANO**®

PHONE: 800-525-1233
www.DesignToscano.com

**PACKING LIST**

1400 Morse Ave.,
Elk Grove Village, IL 60007-5722
DESIGN TOSCANO
ACCOUNT #: 0069946044    ORD. #: P083297501058
BILL TO: HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|---|---|---|---|---|---|
| | | The following items have been backordered | | | |
| 1 | SGRAC XX NG 932773 | SET OF ANGELS OF ENLIGHTENMENT | NR | | |
| 1* | SGRAC XX NG 327730 | LAVINIA ANGEL OF ENLIGHTENMENT | NR | | |
| 1* | SGRAC XX NG 327735 | RAPHAELA ANGEL OF ENLIGHTENMENT | NR | | |
| 1 | SGRPC XX NG 31192 | LITTLE RED RIDING HOOD | NR | | |
| 1 | SGRPC XX NG 30540 | FLOWERS FOR FELICITY | NR | | |
| 1 | SGRCC XX NG 31127 | WINDBLOWN LADY | NR | | |
| 1 | HURNX XX WU 900015 | S/2 BERSHIRE HALL URNS | | | |
| 2* | HURNX XX WU 00015 | BERKSHIRE HALL URN | | | |
| 1 | SSMAX XX PD 91911 | S/ THE KISS & ASHORE BY RODIN | | | |
| 1* | SSMAX XX PD 1901 | THE KISS BY RODIN | | | |

03/01/05 205CCXA0UNKNOWN   03/25/05 0000285004 03 02

—EXHIBIT C

DESIGN TOSCANO

ACCOUNT #: 0069946044  ORD. #: P083297501058
BILL TO: HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|------|----------|-------------|------------|------------|------------|
| | | The following items have been backordered | | | |
| 1* | SSMAX XX PD 1911 | ASHORE BY RODIN | | | |
| 1 | SCLNX XX WU 67380 | THAIS BY D H CHIPARUS | NR | | |
| 1 | SCLNX XX WU 68000 | EGYPTIAN DANCER | NR | | |
| 1 | SCLNX XX WU 68102 | ANKARA DANCER | NR | | |
| 1 | SFRZX XX NG 31650 | LA DANSE DU CHEVAL SAUVAGE | | | |
| 1 | SFRZX XX NG 30269 | THREE HORSES OF MALTA FRIEZE | NR | | |
| 1 | SCLNX XX NG 9035 | LIONS FROM THE TOMB OF POPE CLEMENT XIII | | | |
| 1* | SCLNX XX NG 29461 | AWAKENED VATICAN LION (RIGHT) | | | |
| 1* | SCLNX XX NG 29462 | SLEEPING VATICAN LION (LEFT) | | | |
| | | The following items will be drop shipped separately | | | |
| 1 | WPRTX XX DN 932 | ANGELIQUE | NR | | |

03/01/05 205CCXA0UNKNOWN  03/25/05 0000285004 03 02

PAGE  3

**design TOSCANO®**

1400 Morse Ave.
Elk Grove Village, IL 60007-5722

PHONE: 800-525-1233
www.DesignToscano.com

**PACKING LIST**

DESIGN TOSCANO

ACCOUNT #: 0069946044  ORD. #: P083297501058
BILL TO: HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|------|----------|-------------|------------|------------|------------|
| | | The following items will be drop shipped separately | | | |
| 1 | WPRTX XX DN 809 | EVENING REPOSE | NR | | |
| 1 | WCNVX XX DN 4122 | SPRING PROMISE | NR | | |
| 1 | WPRTX XX DN 854 | ARCHED TUSCAN REMEMBRANCES | NR | | |
| 1 | WCNVX XX DN 3065 | LEOPARDS AT PLAY 36X30 | NR | | |
| 1 | WCNVX XX DN 2700 | LIBRA AND HER SPARROW 31X40 | NR | | |
| 1 | WCNVX XX DN 2754 | ROMAN BOAT RACE 27X35 | NR | | |
| 1 | WCNVX XX DN 4210 | GREEN DRESS 28X34 | NR | | |
| 1 | WPRTX XX DN 682 | DECO FOLIO ECSTASY | NR | | |
| 1 | WCNVX XX DN 4156 | METAMORPHOSIS BY WOLK | NR | | |
| 1 | SGRCC XX QS 69806 | LIFE SIZE HEBE | FRT-NR | | |

03/01/05 205CCXA0UNKNOWN  03/25/05 0000285004 03 02

1400 Morse Ave.
Elk Grove Village, IL 60007-5722

DESIGN TOSCANO

ACCOUNT #: 0069946044    ORD. #: P083297501058
BILL TO: HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|------|----------|-------------|------------|------------|------------|

The following items shipped separately on: 03/17/05

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE |
|------|----------|-------------|------------|
| 1 | AFRZX XX NG 32892 | BRINGING LIGHT TO THE WORLD FRIEZE | NR |
| 2 | HFRNC XX KY 1156 | DEMETER SERVING TABLE | FRT-NR |
| 2 | HFRNX XX KY 409 | TABELLA DEI TRE CHERUBINI | FRT-NR |
| 1 | SEGSX XX NG 321795 | PHARACHS SINGLE SERVER | NR |
| 1 | SEGSX XX KY 321790 | PHARAOHS SERVANTS CONSOLE | NR |
| 1 | LEGYX XX KY 559534 | ROYAL EGPYTIAN CHEETAH CONSOLE | FRT-NR |
| 1 | HSMHX XX AH 99221 | BRITISH COLONIAL PARROT COMPLETE SET | |
| 1*| HSMHX XX AH 221920 | LEFT PARROT CANDLESTICK | |
| 1*| HSMHX XX AH 221925 | RIGHT PARROT CANDLESTICK | |
| 1*| HCLKX XX AH 22718 | BRITISH COLONIAL PARROT CLOCK | |

03/01/05 205CCXA0UNKNOWN  03/25/05 0000285004 03 02

---

PAGE    5

design **TOSCANO**®

PHONE: 800-525-1233
www.DesignToscano.com

**PACKING LIST**

1400 Morse Ave.
Elk Grove Village, IL 60007-5722

DESIGN TOSCANO

ACCOUNT #: 0069946044    ORD. #: P083297501058
BILL TO: HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|------|----------|-------------|------------|------------|------------|

The following items shipped separately on: 03/17/05

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE |
|------|----------|-------------|------------|
| 1 | HCLOX XX KY 982842 | CHERUBS OF ABUNDANCE SET | |
| 1*| HMHDX XX KY 71242 | PAIR OF CHERUBS OF ABUNDANCE CANDELABRAS | NR |
| 1*| HCLOX XX KY 82842 | CHERUB OF ABUNDANCE CLOCK | |
| 1 | SCLNX XX NG 32371 | ELGIN HORSE PLAQUE PARTHENON V | |
| 5 | GGFPX XX PA 8961 | ANGEL IN WAITING EARRING HOLDER | |
| 1 | GGFMX XX TE 91014 | 2 SETS THREE BYZANTINE VESSELS | |
| 2*| GGFMX XX TE 1014 | SET OF THREE BYZANTINE VESSELS | |
| 1 | GGFPX XX NG 931591 | S/2 GUARDIAN LIONS | |
| 2*| GGFPX XX NG 31591 | THE GUARDIAN LION | |
| 1 | SCLNX XX NG 932159 | S/2 LA DONNA MISTERIOSA MASKS | |

03/01/05 205CCXA0UNKNOWN  03/25/05 0000285004 03 02

1400 Morse Ave.
Elk Grove Village, IL 60007-5722

DESIGN TOSCANO

**ACCOUNT #:** 0069946044   **ORD. #:** P083297501058
**BILL TO:** HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|---|---|---|---|---|---|
| | | The following items shipped separately on: 03/17/05 | | | |
| 2*SCLNX XX NG 32159 | | LA DONNA MISTERIOSA MASK | | | |
| 2 GGFPX XX NG 31248 | | THREE ELEPHANT VASE | | | |
| 2 HSMHX XX KY 917 | | SIX STALLIONS OF THE HIPPODROME VASE | | | |
| 2 GGFPX XX PA 9932 | | SET OF 3 CAFE BENOIT BOTTLE OPENERS | | | |
| 6*GGFPX XX PA 9921 | | CAFE BENOIT PEWTER BOTTLE OPENER | | | |
| 1 SGRPC XX NG 32124 | | ROMAN URN MAIDEN | NR | | |
| 1 SGRCC XX NG 32161 | | BATHER AT THE FOUNTAIN SCULPTURE | NR | | |
| 1 HFRNX XX KY 90965 | | S/2 SOUS LA VIGNE PEDESTALS | NR | | |
| 2*HFRNX XX KY 0965 | | SOUS LA VIGNE PEDESTAL | NR | | |
| 1 HPHNX XX PM 1893 | | SWEDISH ROYAL FAMILY REPRODUCTION PHONE | | | |

03/01/05 205CCXA0UNKNOWN   03/25/05 0000285004 03 02

PAGE   7

**design TOSCANO®**

1400 Morse Ave.
Elk Grove Village, IL 60007-5722

PHONE: 800-525-1233
www.DesignToscano.com

**PACKING LIST**

DESIGN TOSCANO

**ACCOUNT #:** 0069946044   **ORD. #:** P083297501058
**BILL TO:** HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|---|---|---|---|---|---|
| | | The following items shipped separately on: 03/17/05 | | | |
| 1 FFURX XX KY 996861 | | S/2 FRENCH PROVINICAL CARYATID PEDESTALS | NR | | |
| 2*FFURX XX KY 96861 | | FRENCH PROVINCIAL CARYATID PEDESTAL | NR | | |
| 1 FFURX XX KS 1086 | | ITALIAN EMPIRE FOOTSTOOL | NR | | |
| 1 GJWLX XX TE 90013 | | WATERFALL GLEN GLASS BEAD NECKLACE SET | | | |
| 1*GJWLX XX TE 0003 | | WATERFALL GLEN GLASS BEAD NECKLACE | | | |
| 1*GJWLX XX TE 0013 | | WATERFALL GLEN GLASS BEAD EARRINGS | | | |
| 1 SGRPC XX KY 1180 | | LIGHTER THAN AIR | NR | | |
| 2 WMIRX XX PD 1830 | | WINGS OF NATURE MIRROR | | | |
| 1 HGRFC XX NG 932755 | | S/2 EMPEROR NERO CORNCOPIA TABLES | NR | | |
| 2*HGRFC XX NG 32755 | | EMPEROR NEROS CORNUCOPIA TABLE | NR | | |

03/01/05 205CCXA0UNKNOWN   03/25/05 0000285004 03 02

339 MYSTIC ST
ARLINGTON, MA 02474

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|------|----------|-------------|------------|------------|------------|

The following items shipped separately on: 03/17/05

| 1 SGRPC XX NG 30290 | THE HALFPENCE BRIDGE | NR | | | |
| 1 GEGYX XX WU 68368 | ISIS GODDESS OF LOVE PHOTO FRAME | | | | |
| 1 HSMHX XX NG 29548 | GENEVIEVE THE FRENCH MAID | NR | | | |
| 2 HMSCX XX AT 9146 | NOTTE MASK | NR | | | |
| 1 HSMHX XX PD 0024 | ANDROMEDA TREASURE BOX | | | | |
| 1 SFRZX XX NG 32245 | LOS TRES CABALLOS DE CASTILO ALOMAR | | | | |
| 1 HSMHX XX NG 931243 | S/2 ATOP A NAUTILUS WALL SCONCES | | | | |
| 2*HSMHX XX NG 31243 | ATOP A NAUTILUS MERMAID WALL SCONCE | | | | |
| 1 GEGYX XX WU 08023 | GOLD ISIS WINE GOBLET | | | | |
| 1 SFRZX XX NG 32380 | TRIUMPH OF ARIADNE FRIEZE | NR | | | |

03/01/05 205CCXA0UNKNOWN    03/25/05 0000285004 03 02

PAGE    9

## design TOSCANO®

1400 Morse Ave.
Elk Grove Village, IL 60007-5722

PHONE: 800-525-1233
www.DesignToscano.com

**PACKING LIST**

**ACCOUNT #:** 0069946044
**BILL TO:**
DESIGN TOSCANO
HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

**ORD. #:** P083297501058

**SHIP TO:**
HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|------|----------|-------------|------------|------------|------------|

The following items shipped separately on: 03/17/05

| 1 HMSCX XX SP 9962 | SET OF ANY 2 NIGHT OR DAY DOORPLAQUES | | | | |
| 1*HMSCX XX SP 962 | DAY DOOR PLAQUE | | | | |
| 1*HMSCX XX SP 963 | NIGHT DOOR PLAQUE | | | | |
| 1 AFRZX XX NG 33056 | WING OF MILOS FRIEZE | NR | | | |
| 2 ASCOX XX AH 230469 | PEACOCKS PLUMAGE SHELF | | | | |
| 1 GBOXX XX SG 21003 | ST PETERSBURG PEACOCK BOX | | | | |
| 1 GBOXX XX SG 21004 | KIEV PEACOCK BOX | | | | |
| 2 AFRZX XX NG 32431 | LA PRIMAVERA FRIEZE | NR | | | |
| 1 SCLNX XX SP 850 | BAYRE STYLE LION ON BOAR | NR | | | |
| 1 LEGYX XX AD 868372 | COLUMNS OF LUXOR SHELVES | FRT-NR | | | |

03/01/05 205CCXA0UNKNOWN    03/25/05 0000285004 03 02


design TOSCANO

1300 Morse Avenue
Elk Grove Village, IL 60007-5702

PHONE: 800-525-1233
www.Design-Toscano.com


PACKING LIST

ACCOUNT #:  DESIGN TOSCANO ORD. #:
BILL TO:    0069946044              P083297501033
            HANA ALJADER
            APT 505
            339 MYSTIC ST
            ARLINGTON. MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER. MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT PRICE | WHSE/LOC. |
|---|---|---|---|---|---|
| | | The following items have been backordered | | | |
| 1 | SGRCC XX NG 31127 | WINDBLOWN LADY | NR | | |
| 1 | HURNX XX WU 900015 | S/2 BERSHIRE HALL URNS | | | |
| 2* | HURNX XX WU 00015 | BERKSHIRE HALL URN | | | |
| 1 | SSMAX XX PD 91911 | S/ THE KISS & ASHORE BY RODIN | | | |
| 1* | SSMAX XX PD 1901 | THE KISS BY RODIN | | | |
| 1* | SSMAX XX PD 1911 | ASHORE BY RODIN | | | |
| 1 | SCLNX XX WU 67380 | THAIS BY D H CHIPARUS | NR | | |
| 1 | SCLNX XX WU 68000 | EGYPTIAN DANCER | NR | | |
| 1 | SCLNX XX WU 68102 | ANKARA DANCER | NR | | |
| 1 | SFRZX XX NG 31650 | LA DANSE DU CHEVAL SAUVAGE | | | |
| 1 | SFRZX XX NG 30269 | THREE HORSES OF MALTA FRIEZE | NR | | |
| 1 | SCLNX XX NG 9035 | LIONS FROM THE TOMB OF POPE CLEMENT XIII | | | |
| 1* | SCLNX XX NG 29461 | AWAKENED VATICAN LION (RIGHT) | | | |
| 1* | SCLNX XX NG 29462 | SLEEPING VATICAN LION (LEFT) | | | |

03/01/05 205CCXA0UNKNOWN  03/14/05 0000284075 01 02



DESIGN TOSCANO
1...0 Hart Avenue
Elk Grove Village, IL 60007-5722

PHONE #: 800-525-1233
www.Design-toscano.com



ACCOUNT #:  DESIGN TOSCANO ORD. #:
BILL TO:    0069946044              P083297501033
            HANA ALJADER
            APT 505
            339 MYSTIC ST
            ARLINGTON, MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT PRICE | WHSE LOC |
|---|---|---|---|---|---|
| 1 HMSCX XX SP 9962 | | SET OF ANY 2 NIGHT OR DAY DOORPLAQUES | | | |
| 1*HMSCX XX SP 962 | | DAY DOOR PLAQUE | | | XX10BB08 |
| 1*HMSCX XX SP 963 | | NIGHT DOOR PLAQUE | | | AA04BB05 |

The following items have been backordered

| | | | | |
|---|---|---|---|---|
| 1 WTAPX XX TX 011202 | THE TRIUMPH OF APOLLO | | | |
| 1 HFRNX XX OA 3650 | NETTLESTONE LIBRARY ENSEMBLE | FRT-NR | | |
| 1 HCLKX XX SY 33 | VERSAILLES CLOCK AND CANDELABRA SET | NR | | |
| 1*HCLKX XX SY 01 | VERSAILLES CLOCK | NR | | |
| 1*HCLKX XX SY 59 | VERSAILLES CANDELABRA SET OF 2 | NR | | |
| 1 SSMAX XX GO 354 | CUPID AND PSYCHE BUST | | | |
| 1 SGRAC XX NG 932773 | SET OF ANGELS OF ENLIGHTENMENT | NR | | |
| 1*SGRAC XX NG 327730 | LAVINIA ANGEL OF ENLIGHTENMENT | NR | | |
| 1*SGRAC XX NG 327735 | RAPHAELA ANGEL OF ENLIGHTENMENT | NR | | |
| 1 SGRPC XX NG 31192 | LITTLE RED RIDING HOOD | NR | | |
| 1 SGRPC XX NG 30540 | FLOWERS FOR FELICITY | NR | | |

03/01/05 205CCXA0UNKNOWN  03/14/05 0000284075 01 02



1400 Morse Avenue
Elk Grove Village, IL 60007-5022

PHONE: 800-525-1233
www.DesignToscano.com



ACCOUNT #: DESIGN TOSCANO ORD. #:  P083297501033
BILL TO: 0069946044
HANA ALJADER
APT 505
339 MYSTIC ST
ARLINGTON, MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1153

| QTY | ITEM NO. | DESCRIPTION | | UNIT PRICE | EXT PRICE | WHSE LOC. |
|-----|----------|-------------|--|------------|-----------|-----------|
| 1 | HFRNX XX KY 90965 | S/2 SOUS LA VIGNE PEDESTALS | NR | | | |
| 2* | HFRNX XX KY 0965 | SOUS LA VIGNE PEDESTAL | NR | | | PP11AA01 |
| 1 | FFURX XX KY 996861 | S/2 FRENCH PROVINICAL CARYATID PEDESTALS | NR | | | |
| 2* | FFURX XX KY 96861 | FRENCH PROVINCIAL CARYATID PEDESTAL | NR | | | VV21AA01 |
| 1 | GJWLX XX TE 90013 | WATERFALL GLEN GLASS BEAD NECKLACE SET | | | | |
| 1* | GJWLX XX TE 0003 | WATERFALL GLEN GLASS BEAD NECKLACE | | | | ZZ08AA03 |
| 1* | GJWLX XX TE 0013 | WATERFALL GLEN GLASS BEAD EARRINGS | | | | ZZ05EE02 |
| 1 | HGRFC XX NG 932755 | S/2 EMPEROR NERO CORNCOPIA TABLES | NR | | | |
| 2* | HGRFC XX NG 32755 | EMPEROR NEROS CORNUCOPIA TABLE | NR | | | RR08AA03 |
| 1 | HSMHX XX NG 931243 | S/2 ATOP A NAUTILUS WALL SCONCES | | | | |
| | | DO NOT LEAVE LIT CANDLES UNATTENDED | | | | |
| | | USE ONLY WITH GLASS VOTIVE | | | | |
| 2* | HSMHX XX NG 31243 | ATOP A NAUTILUS MERMAID WALL SCONCE | | | | YY24CC04 |
| | | DO NOT LEAVE LIT CANDLES UNATTENDED | | | | |
| | | USE ONLY WITH GLASS VOTIVE | | | | |

03/01/05  205CCXAOUNKNOWN   03/14/05  0000284075-01-02





PHONE NO: 847-679-1233
www.designtoscano.com

**PACKING LIST**

1400 Morse Avenue
Elk Grove Village, IL 60007-3722

ACCOUNT #:  DESIGN TOSCANO  ORD. #:
BILL TO:    0069946044            P083297501033
            HANA ALJADER
            APT 505
            339 MYSTIC ST
            ARLINGTON, MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY | ITEM NO | DESCRIPTION | | UNIT PRICE | EXT. PRICE | WHSE LOC |
|-----|---------|-------------|--|-----------|-----------|----------|
| 1 | HCLOX XX KY 982842 | CHERUBS OF ABUNDANCE SET | | | | |
|   |                    | DO NOT LEAVE LIT CANDLES UNATTENDED | | | | |
|   |                    | CANDLES NOT INCLUDED | | | | |
| 1* | HMHDX XX KY 71242 | PAIR OF CHERUBS OF ABUNDANCE CANDELABRAS | NR | | | FF07AA01 |
|   |                    | DO NOT LEAVE LIT CANDLES UNATTENDED | | | | |
|   |                    | CANDLES NOT INCLUDED | | | | |
| 1* | HCLOX XX KY 82842 | CHERUB OF ABUNDANCE CLOCK | | | | FF02AA01 |
| 1 | GGFMX XX TE 91014 | 2 SETS THREE BYZANTINE VESSELS | | | | |
| 2* | GGFMX XX TE 1014 | SET OF THREE BYZANTINE VESSELS | | | | ZZ01CC04 |
| 1 | GGFPX XX NG 931591 | S/2 GUARDIAN LIONS | | | | |
| 2* | GGFPX XX NG 31591 | THE GUARDIAN LION | | | | WW17AA01 |
| 1 | SCLNX XX NG 932159 | S/2 LA DONNA MISTERIOSA MASKS | | | | |
| 2* | SCLNX XX NG 32159 | LA DONNA MISTERIOSA MASK | | | | UU24AA03 |
| 2 | GGFPX XX PA 9932 | SET OF 3 CAFE BENOIT BOTTLE OPENERS | | | | |
| 6* | GGFPX XX PA 9921 | CAFE BENOIT PEWTER BOTTLE OPENER | | | | YY08BB02 |

03/01/05  205CCXA0UNKNOWN  03/14/05  0000284075 01 02



design TO. ANO°
1400 Morse Avenue
Elk Grove Village, IL 60007-3722

PHONE: 00-525-1233
www.DesignToscano.com

ACCOUNT #: DESIGN TOSCANO ORD. #:
BILL TO:   0069946044          P083297501082
           HANA ALJADER
           APT 505
           339 MYSTIC ST
           ARLINGTON, MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT PRICE | WHSE LOC |
|-----|----------|-------------|------------|-----------|----------|
| | | The following items drop shipped | | | |
| 1 | WPRTX XX DN 809 | EVENING REPOSE | NR | | |
| 1 | WCNVX XX DN 4122 | SPRING PROMISE | NR | | |
| 1 | WPRTX XX DN 854 | ARCHED TUSCAN REMEMBRANCES | NR | | |
| 1 | WCNVX XX DN 3065 | LEOPARDS AT PLAY 36X30 | NR | | |
| 1 | WCNVX XX DN 2700 | LIBRA AND HER SPARROW 31X40 | NR | | |
| 1 | WCNVX XX DN 2754 | ROMAN BOAT RACE 27X35 | NR | | |
| 1 | WCNVX XX DN 4210 | GREEN DRESS 28X34 | NR | | |
| 1 | WPRTX XX DN 682 | DECO FOLIO ECSTASY | NR | | |
| 1 | WCNVX XX DN 4156 | METAMORPHOSIS BY WOLK | NR | | |
| | | The following items drop shipped | | | |
| 1 | SGRCC XX OS 69806 | LIFE SIZE HEBE | FRT-NR | | |
| | | The following items shipped separately on: 03/17/05 | | | |
| 1 | AFRZX XX NG 32892 | BRINGING LIGHT TO THE WORLD FRIEZE | NR | | |

03/01/05 205CCXA0UNKNOWN 04/15/05 0000287558 01 05

 **TOSCANO**
1400 Morse Avenue
Elk Grove Village IL 60007-1701

PHONE: 800-525-1233
www.designtoscano.com

 **PACKING LIST**

ACCOUNT #: DESIGN TOSCANO CPO #:
BILL TO: 0069946044                P083297501033
         HANA ALJADER
         APT 505
         339 MYSTIC ST
         ARLINGTON, MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756 1152

| QTY | ITEM NO. | DESCRIPTION | UNIT PRICE | EXT. PRICE | WHSE. LOC. |
|-----|----------|-------------|------------|------------|------------|
| 1 HSMHX XX NG 29548 | | GENEVIEVE THE FRENCH MAID | NR | | VV03AA01 |
| 2 HMSCX XX AT 9146 | | NOTTE MASK | NR | | 0013AA02 |
| 1 HSMHX XX PD 0024 | | ANDROMEDA TREASURE BOX | | | UU20AA01 |
| 1 SFRZX XX NG 32245 | | LOS TRES CABALLOS DE CASTILO ALOMAR | | | UU17AA02 |
| 1 GEGYX XX WU 08023 | | GOLD ISIS WINE GOBLET | | | YY18CC01 |
| 1 SFRZX XX NG 32380 | | TRIUMPH OF ARIADNE FRIEZE | NR | | UU12AA03 |
| 1 AFRZX XX NG 33056 | | WING OF MILOS FRIEZE | NR | | CC13AA01 |
| 2 ASCOX XX AH 230469 | | PEACOCKS PLUMAGE SHELF | | | XX21AA02 |
| 1 GBOXX XX SG 21003 | | ST PETERSBURG PEACOCK BOX | | | ZZ03CC03 |
| 1 GBOXX XX SG 21004 | | KIEV PEACOCK BOX | | | ZZ03CC02 |
| 2 AFRZX XX NG 32431 | | LA PRIMAVERA FRIEZE | NR | | GG05AA01 |
| 1 SCLNX XX SP 850 | | BAYRE STYLE LION ON BOAR | NR | | KK13AA03 |
| 1 HSMHX XX AH 99221 | | BRITISH COLONIAL PARROT COMPLETE SET | | | |
| | | CANDLES NOT INCLUDED | | | |
| | | DO NOT LEAVE LIT CANDLES UNATTENDED | | | |
| 1*HSMHX XX AH 221920 | | LEFT PARROT CANDLESTICK | | | JJ06AA01 |
| 1*HSMHX XX AH 221925 | | RIGHT PARROT CANDLESTICK | | | II14AA05 |
| 1*HCLKX XX AH 22718 | | BRITISH COLONIAL PARROT CLOCK | | | SS02AA01 |

03/01/05 205CCXAOUNKNOWN  03/14/05 0000284075 01 02



PHONE: 800-525-1233



ACCOUNT #:   DESIGN TOSCANO ORD. #:
BILL TO:     0069946044              P083297501033
             HANA ALJADER
             APT 505
             339 MYSTIC ST
             ARLINGTON, MA 02474

SHIP TO:

HANA ALJADER
62 CAMBRIDGE ST
WINCHESTER, MA 01890

(781) 756-1152

| QTY. | ITEM NO. | DESCRIPTION | | UNIT PRICE | EXT PRICE | WHSE. LOC. |
|---|---|---|---|---|---|---|
| 1 | AFRZX XX NG 32892 | BRINGING LIGHT TO THE WORLD FRIEZE | NR | | | CC15AA01 |
| 2 | HFRNC XX KY 1156 | DEMETER SERVING TABLE | FRT-NR | | | STAGING |
| 2 | HFRNX XX KY 409 | TABELLA DEI TRE CHERUBINI | FRT-NR | | | STAGING |
| 1 | SEGSX XX NG 321795 | PHARAOHS SINGLE SERVER | NR | | | DD10AA01 |
| 1 | SEGSX XX NG 321790 | PHARAOHS SERVANTS CONSOLE | NR | | | PP25AA01 |
| 1 | LEGYX XX KY 559534 | ROYAL EGPYTIAN CHEETAH CONSOLE | FRT-NR | | | STAGING |
| 1 | SCLNX XX NG 32371 | ELGIN HORSE PLAQUE PARTHENON V | | | | TT21BB06 |
| 5 | GGFPX XX PA 8961 | ANGEL IN WAITING EARRING HOLDER | | | | BB11CC06 |
| 2 | GGFPX XX NG 31248 | THREE ELEPHANT VASE | | | | JJ06AA02 |
| 2 | HSMHX XX KY 017 | SIX STALLIONS OF THE HIPPODROME VASE | | | | YY12CC04 |
| 1 | SGRPC XX NG 32124 | ROMAN URN MAICEN | NR | | | OO25AA03 |
| 1 | SGRCC XX NG 32181 | BATHER AT THE FOUNTAIN SCULPTURE | NR | | | PP21AA03 |
| 1 | HFHNX XX PM 1893 | SWEDISH ROYAL FAMILY REPRODUCTION PHONE | | | | YY18AA02 |
| 1 | FFURX XX KS 1066 | ITALIAN EMPIRE FOOTSTOOL | NR | | | JJ01AA01 |
| 1 | SGRPC XX KY 1180 | LIGHTER THAN AIR | FRT-NR | | | SS17AA03 |
| 2 | WMIRX XX PD 1830 | WINGS OF NATURE MIRROR | | | | SS15AA01 |
| 1 | SGRPC XX NG 30290 | THE HALFPENCE BRIDGE | NR | | | JJ03AA03 |
| | | FOR ORNAMENTAL PURPOSES ONLY | | | | |
| 1 | GEGYX XX WU 68368 | ISIS GODDESS OF LOVE PHOTO FRAME | | | | XX04AA03 |

03/01/05  205CCXAOUNKNOWN  03/14/05  0000284075-01-02



EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )    CRIMINAL ACTION
                             )
        v.                   )    NO. 05-10085-RCL
                             )
HANA F. AL JADER             )

## AFFIDAVIT OF EVANS TSIAOUSOPOULOS

NOW COMES Evans Tsiaousopoulos in the above-captioned matter on oath deposes and says as follows:

1.      I am Vice President of Demetrios International Shipping Company, Inc., a shipper of home goods and commercial products into and out of the United States with offices located at 91 Hicks Avenue, Medford, Massachusetts.

2.      I have signed this Affidavit at the request of the Defendant, Hana F. Al Jader.

3.      This Affidavit is based on my personal knowledge.

4.      On March 29, 2005, I returned a message to a person who previously identified himself as Naif inquiring about the cost of a shipping container.

5.      On April 7, 2005, I had further conversations with Naif and the following day April 8, 2005, my company arranged for the delivery of a red shipping container, the first of three containers, which was placed in the front driveway of the Defendant's residence at 62 Cambridge Street, Winchester, Massachusetts.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 10TH DAY OF MAY, 2005.

Evans Tsiaousopoulos

—EXHIBIT E

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                                    May 10, 2005


On this 10th day of May 2005, before me, the undersigned notary public, personally appeared Evans Tsiaousopoulos, and proved to me through satisfactory evidence of identification, which was _Mass Drives Licenso_ to be the person whose name is signed on the preceding document, and acknowledge to me that he signed it voluntarily for its stated purpose.

Karen M. Bisnaw, Notary Public
My commission expires:

FD-302a (Rev. 10-6-95)

50-BS-93374-SUB 302

Continuation of FD-302 of ___SEARCH OF 62 CAMBRIDGE STREET___ , On _11/16/04_ , Page _3_

only item removed from Room M was a locked safe to which agents
could not gain access on site; HANA ALSAUD provided agents with a
combination for the safe but advised that she lost the key.  Prior
to taking possession of the safe, agents obtained a written consent
to search/seize the safe from HANA ALSAUD.

At approximately 1:45 p.m., SA CORR took exit photographs
at 62 Cambridge Street.  The searchers exited the premises at
approximately 3:00 p.m. At approximately 3:02 p.m., SA JOHN T.
FOLEY provided a copy of the inventory of items taken (FD-597) to
HANA ALSAUD and explained the form to her.  Prior to the remaining
agents leaving, HANA ALSAUD was asked to check on the well-being of
her husband.  She did so and reported that he was fine.  In
response to SA CORR'S inquiry, ALSAUD advised that she is fully
capable of caring for her husband herself.  It should be noted
that, during the course of the search, HANA ALSAUD and/or members
of her family were allowed to periodically check on MOHAMMED AL-
SAUD and make sure that he was all right.

At approximately 3:05 p.m., SA CORR returned control of
the premises to HANA ALSAUD.

## ADMINISTRATIVE:

The following individuals participated in the search at
62 Cambridge Street, Winchester, MA on 11/16/04:

SA KRISTA L. CORR - FBI
SA PETER A. ERICKSON - FBI
SA JOHN T. FOLEY - FBI
SA LEIGH TSUJI - FBI
SA MATT KNIGHT - FBI
SA MIKE PERRELLA - ICE
SA CHRIS GIANAKURA - FBI
SA FORREST SCHOENING - FBI
SA APRIL HADDOCK - FBI
SA JOE L. LEVINE - FBI
SA CHRISTA SNYDER - FBI
SA GLEN FITZPATRICK - FBI
SA MARGARET MACKEY - FBI
SA ORNELLO ARLETI - FBI
SA MATTHEW A. ZAVALA - FBI
SA ROBERT CRAIG - ICE
SA WILLIAM SANSONE - ICE
SA JAMES J. TRAHON - FBI

0000002879

—EXHIBIT F

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF INVESTIGATION

Search Warrant Execution Log

CASE ID _SC · BS -93379_

SEARCH TEAM LEADER _SA Krista L. Corr_

| WARRANT INFORMATION |
|---|

WARRANT# _MJO4-M-262 JLA_   DATE SIGNED _11/15/04_

MAGISTRATES NAME _Joyce Linton Alexander_

JUDICIAL DISTRICT _Massachusetts_

PROPERTY TO BE SEIZED/ADDRESS : _63 Cambridge St_
_Winchester, M_

DATE WARRANT RECEIVED _11/15/04_   TIME RECEIVED _5:55 pm_

DATE WARRANT EXECUTED _11/19/04_   TIME EXECUTED _10:20am_

COPY OF WARRANT PROVIDED TO: _Hana Al-Saud_

COPY OF RECEIPT PROVIDED TO: _Hana Al-Saud_

| TIME | EVENT |
|---|---|
| 10:20am | Search team enters premises. |
| 10:30am | SAs _Christa Snyder and Krista Corr_ serve the warrant. |
| 10:25am | Initial walk-through completed by _SA Krista L. Corr_. |
| 11:20am | Entrance photographs taken by _SA Krista L. Corr_ |
| 10:55am | Sketch of premises completed by _SA April Haddock_ |
| 11:40 am | Search team assigned and begin search. |
| 2:45pm | Exit photographs taken by _SA Krista L. Corr_. |
| 3:00pm | Search completed. |
| 3:02pm | Above-listed individual is provided a receipt for property seized. |
| 3:05pm | Search team exits premises and ensures that premises is secured. |

**Additional Notes:** _At 3 pm, prior to leaving, Hana Al-Saud checked on her husband and determined soon to be here. She assured SA Corr that their copies of items for him without his review._

LOG KEPT BY: _SA Krista L. Corr_
(Signature)

0000003399

## **CERTIFICATE OF SERVICE**

I James Michael Merberg certified that on this date I served a copy of the foregoing Motion to Modify Conditions of Release by delivering same in hand to S. Theodore Merritt, c/o of the United States Attorney's Office for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.

May 10, 2005

James Michael Merberg