UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2005-10085-RCL

UNITED STATES OF AMERICA

V.

HANA F. AL JADER

**ORDER ON**

**DEFENDANT'S MOTION TO
MODIFY CONDITIONS OF RELEASE**
**(Docket # 18)**

ALEXANDER, M.J.

The defendant, Hana F. Al Jader, appeared before this Court on June 9, 2005, for a hearing on her motion to modify the conditions of her release previously set by this Court on April 1, 2005, and modified on April 8, 2005. At the hearing, the government was represented by Assistant United States Attorney S. Theodore Merritt and Ms. Al Jader was represented by Attorney James Michael Merberg.

Ms. Al Jader's motion seeks, specifically, to vacate the conditions of her release that require her to be subject to electronic monitoring and confined to her home. Although the Court's original Order setting conditions of release did not

include electronic monitoring, the Court added that requirement following an April 8 hearing held in response to the government's *ex parte* motion to modify the original conditions.  The basis for the government's motion was a concern that Ms. Al Jader was preparing to leave the country.  According to credible evidence proffered at the April 8 hearing, one of Ms. Al Jader's sons told a furniture delivery driver, on April 7, that there was no need for "white glove treatment" – essentially, that the delivery men did not need to remove the furniture from its boxes and take it inside their home – because arrangements were being made for the family to move back to Saudi Arabia.  The boxes were left on Ms. Al Jader's front lawn, and when Pretrial Services officers asked Ms. Al Jader about the boxes, she stated that they were for her import/export business.  The following day, April 8, a large ocean-going shipping container was dropped off at Ms. Al Jader's home, prompting the government's *ex parte* motion.

At the June 9 hearing, defense counsel averred that the items delivered on April 7 were all ordered prior to Ms. Al Jader's arrest.  The government asserted, in response, that shipping of this amount of inventory had never before taken place, and reiterated its position that Ms. Al Jader is a foreign national with large sums of money and every incentive to flee.

Defense counsel urges the Court to remove Ms. Al Jader's electronic monitoring bracelet so that Ms. Al Jader can meet with him more often. Ms. Al Jader may meet with counsel at any time by notifying Pretrial Services of the meeting so that her leaving home to do so will not interfere with the electronic monitoring. This is no different from what any other defendant who wears an electronic monitoring bracelet must do. Defense counsel also implores the Court to consider the fact that Ms. Al Jader is the only person in her family who can drive. The Court knew this at the time of the initial hearing and is still not moved to vacate the electronic monitoring requirement. Ms. Al Jader has people in her service who do drive.

As the government properly asserts, Ms. Al Jader's motion presents no new material evidence that was not available to the Court at the prior hearing, and Ms. Al Jader's motion is therefore DENIED.

SO ORDERED.

6/30/05                         /S/ Joyce London Alexander
Date                            United States Magistrate Judge