IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

**DEFENDANT HANA AL JADER'S MOTION
FOR BILL OF PARTICULARS**

NOW COMES the Defendant, Hana Al Jader, through counsel, and respectfully moves this Honorable Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, for an Order directing the United States Attorney to furnish her with a written bill of particulars as to the following matters alleged in the indictment:

1. With respect to Count One:

    (a) State the specific threats of serious harm, both physical and nonphysical, alleged to have been committed, and the time and place of those threats;

    (b) State the specific acts of physical restraint alleged to have been committed, and the time and place of those acts;

    (c) State the specific acts and words which are alleged to constitute the scheme, plan, and pattern alleged in Count One, and the time and place of those acts and words; and

  (d)  State the specific acts of abuse and threatened abuse of law and the legal process alleged to have been committed, and the time and place of those acts.

2. With respect to Count Two:

  (a)  State the specific threats of serious harm, both physical and nonphysical, alleged to have been committed, and the time and place of those threats;

  (b)  State the specific acts of physical restraint alleged to have been committed, and the time and place of those acts;

  (c)  State the specific acts and words which are alleged to constitute the scheme, plan, and pattern alleged in Count Two, and the time and place of those acts and words; and

  (d)  State the specific acts of abuse and threatened abuse of law and the legal process alleged to have been committed, and the time and place of those acts.

3. With respect to Count Three:

  a.  State the time, place, and manner by which the Defendant is alleged to have knowingly concealed, removed, confiscated, and possessed the Indonesian passport and United States visa belonging to "Tri".

4. With respect to Count Four:

  a.  State the time, place, and manner by which the Defendant

        is alleged to have knowingly concealed, removed, confiscated, and possessed the Indonesian passport and United States visa belonging to "Ro".

The Defendant respectfully refers this Honorable Court's attention to the Memorandum of Law and Affidavit of James Michael Merberg, Esquire, filed herewith.

WHEREFORE, the Defendant, Hana Al Jader, through counsel, respectfully requests this Honorable Court to grant the Defendant's motion for a bill of particulars as set forth herein.

        Respectfully submitted,

        HANA AL JADER,

        By her attorney,

        s/James Michael

        _____
        James Michael Merberg, Esquire
        66 Long Wharf
        Boston, Massachusetts 02110
        Tel. (617) 723-1990

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

**DEFENDANT HANA AL JADER'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR A BILL OF PARTICULARS**

**INTRODUCTION**

The instant memorandum is submitted in support of Defendant Hana Al Jader's Motion for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Mrs. Al Jader is a Saudi national who has been residing in Arlington and Winchester, Massachusetts since 1996 when her husband, H.H. Prince Mohamed Bin Turki Alsaud, first received treatment at the Spaulding Rehabilitative Hospital.

On March 29, 2005, a federal grand jury returned an indictment charging Mrs. Al Jader with forced labor and attempted forced labor, in violation of 18 U.S.C. §§1589 and 1594, respectively (Counts One and Two); domestic servitude, in violation of 18 U.S.C. §1592 (Counts Three and Four); falsification of records, in violation of 18 U.S.C. §1519 (Counts Five and Six); visa fraud, and aiding and abetting, in violation of 18 U.S.C. §§1546 and 2(b), respectively; (Counts Seven and Eight); and harboring an alien in the United States, in violation of 8 U.S.C.

§1324(a)(1)(A) (Counts Nine and Ten).  Forfeiture of Mrs. Al Jader's property is also being sought, pursuant to relevant statutory authority, upon Mrs. Al Jader's conviction of Counts One, Two, Nine or Ten.

## **ARGUMENT**

I. <u>The Allegations Set Forth In Counts One Through Four Of The Indictment Fail To Provide The Defendant With The Necessary Details Of The Charges, Impeding Her Ability To Prepare A Defense, Avoid Surprise At Trial, And Protect Against Double Jeopardy</u>.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes a district court to direct the Government to file a bill of particulars.  "The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise [at] trial, and to protect against double jeopardy."  <u>United States v. Abreu</u>, 952 F.2d 1458, 1469 (1st Cir. 1992) (citations omitted).   It is particularly important, in light of the "broad array of harms" which Section 1589 encompasses, <u>see United States v. Garcia</u>, 2003 U.S. Dist. LEXIS 22088, at *21 (W.D.N.Y. 2003), as discussed in detail herein, for Mrs. Al Jader to be apprised of the specific details of the charges against her, in order that she may prepare her defense, avoid surprise at trial, and protect against double jeopardy.

  a.  Counts One and Two - 18 U.S.C. §§1589 and 1594.

Section 1589 was enacted on October 28, 2000, as part of the "Trafficking Victims Protection Act" which is a subsection of the Victims of Trafficking and

Violence Protection Act of 2000, 18 U.S.C. §§1581-1594 (2000). See Garcia, supra, 2003 U.S. Dist. LEXIS 22088, at *20-21. It was intended to expressly counter United States v. Kozminski, 487 U.S. 931 (1988), wherein the Supreme Court had interpreted the pre-existing ban on "involuntary servitude" in 18 U.S.C. §1584 to prohibit only conduct involving the use or threatened use of physical or legal coercion. See United States v. Bradley, 390 F.3d 145, 150 (1st Cir. 2004), vacated on other grounds, Bradley v. United States, 125 S.Ct. 2543 (2005) (discussing history of section 1589).

Thus, section 1589 was intended to "provide federal prosecutors with the tools to combat severe forms of worker exploitation that do not rise to the level of involuntary servitude as defined in Kozminski,"; under section 1589, "federal prosecutors will not have to demonstrate physical harm or threats of force against victims." See Garcia, supra, 2003 U.S.Dist. LEXIS 22088, at *21, (citing the House Conference Report, H.R. Conf. Rep. No. 106-939 at 101 (2000), 2000 SL 1479163 (Oct. 5, 2000)).

The House Conference Report further states that the term "serious harm" "as used in the Act refers to a broad array of harms, including both physical and nonphysical," and cites some examples of the latter:

> For example, it is intended that prosecutors will be able to bring more cases in which individuals have been trafficked into domestic service, an increasingly common occurrence, not only where such victims are kept in service through overt beatings, but also where the traffickers use more subtle means designed to cause their victims to believe that serious harm will result to themselves or others if they leave, *as when a nanny is led to believe that children in her care will be harmed if she leaves the home. In other cases, a scheme, plan or pattern intended to cause a belief of serious*

> *harm may refer to intentionally causing the victim to believe that her family will face harms such as banishment, starvation, or bankruptcy in their home country.*

See Garcia, supra, 2003 U.S.Dist. LEXIS 22088, at *21, (citing the House Conference Report, H.R. Conf. Rep. No. 106-939 at 101 (2000), 2000 SL 1479163 (Oct. 5, 2000)) (emphasis added).

The indictment filed against Mrs. Al Jader contains general allegations in Counts One and Two which mimic the language of Section 1589 but <u>which contain less detail than the simple examples offered by the House in their Conference Report</u> as to how Mrs. Al Jader allegedly threatened serious harm to, and physical restraint of, the alleged victims, and as to the nature of the scheme, plan, and pattern by which Mrs. Al Jader allegedly intended to cause the alleged victims to believe that they would suffer serious harm or physical restraint. These general allegations of the forced labor charges against Mrs. Al Jader, which by their nature permit a broad array of harm to be charged, render Mrs. Al Jader without the necessary details of the charges against her to enable her to prepare her defense, avoid surprise at trial, and avoid double jeopardy, and must be cured by the Government's filing of the requested bill of particulars.

Indeed, the First Circuit has recognized:

> that the phrase "serious harm," as extended to non-physical coercion, creates a potential for jury misunderstanding as to the nature of the pressure that is proscribed. Taken literally, Congress' "threats" and "scheme" language could be read to encompass conduct such as the employer's "threat" not to pay for passage home if an employee left early. Depending upon the contract, *surely such a "threat" could be a legitimate stance for the employer and not criminal conduct.* Thus, in an appropriate case

>we think that the court in instructing the jury would be required to draw a line between improper threats or coercion and permissible warnings of adverse but legitimate consequences.

Bradley, supra, 390 F.3d at 151 (emphasis added).   Mrs. Al Jader is entitled to the specifics of the serious harm she is alleged to have threatened, in order for her to prepare a defense based upon whether certain alleged acts were legitimate stances in her capacity as employer, and not criminal conduct.

Similarly, the indictment makes broad allegations that Mrs. Al Jader engaged in the alleged "abuse and threatened abuse of law and the legal process" without providing any details as to the manner by which those acts were committed.  The term "abuse of process" is a "well-known term of art in the law," Garcia, supra, 2003 U.S.Dist. LEXIS 22088, at *24, and encompasses a wide range of activity.  One definition of the "abuse of process" and the "abuse of legal process" is:

>The improper and tortious use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope.

Garcia, supra, 2003 U.S.Dist. LEXIS 22088, at *23, citing Black's Law Dictionary, Seventh Edition.   Another authority defines "abuse of process" as:

>One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed...

Garcia, supra, 2003 U.S.Dist. LEXIS 22088, at *23-24, citing *Rest.2d Torts §682*.

The indictment fails to provide Mrs. Al Jader with any details as to the nature of the legal process which she is alleged to have abused or threatened to abuse.  Contrast Garcia, supra, 2003 U.S.Dist. LEXIS 22088,

at *23, wherein the defendant was charged with participating in a conspiracy in which the alleged victim farm workers were confined to their quarters and the farm fields in which they were working by the defendant and co-defendants "threatening" said victims with serious legal consequences, *i.e.*, <u>deportation for having violated the immigration laws of the United States</u> (emphasis added). In the absence of comparable details in Counts One and Two of the instant indictment, Mrs. Al Jader is unable to prepare a defense and is instead subject to untenable surprise and other prejudice as a result of the Government's failure to provide these particulars.

   b.  Counts Three and Four - 18 U.S.C. §1592.

With respect to Counts Three and Four, the indictment fails to set forth the specific manner in which Mrs. Al Jader allegedly concealed, removed, confiscated and possessed the Indonesian passports and United States visas belonging to Tri and Ro. The indictment provides only broad allegations as to the time and place of these alleged acts ("from a date in 2002 unknown to the grand jury, but at least from on or about February 13, 2003 through on or about November 16, 2004, in the District of Massachusetts *and elsewhere*") (emphasis added). Mrs. Al Jader is entitled to know the manner in which the alleged acts occurred, as well as the time and place in which they occurred. Again, without such details, Mrs. Al Jader is ill equipped to prepare her defense, avoid surprise at trial, and guard against double jeopardy or other prejudice.

## **CONCLUSION**

With the passage of the Victims of Trafficking and Violence Protection Act of 2000, Congress has provided the Government with a powerful tool to combat the ill effects of trafficking, peonage, slavery, involuntary servitude, and forced labor. Given the broad array of harms which this Act encompasses, and the grave consequences faced by the Defendant if convicted of such charges, it is incumbent upon the Government to provide her with the necessary details of the harms she is alleged to have committed.

Accordingly, based upon the foregoing points and authorities, the Defendant, Hana Al Jader, respectfully requests that this Honorable Court grant her motion for a bill of particulars.

Respectfully submitted,

HANA AL JADER,

By her attorney,

s/James Michael Merberg

_____

James Michael Merberg, Esquire
66 Long Wharf
Boston, Massachusetts 02110
Tel. (617) 723-1990