IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

### DEFENDANT HANA AL JADER'S MOTION TO COMPEL DISCLOSURE OF THE IDENTITY OF A GOVERNMENT WITNESS

NOW COMES the Defendant, Hana Al Jader, through counsel, and respectfully moves this Honorable Court for an Order compelling the disclosure of the identity of the witness referred to in the materials provided by the Government to undersigned defense counsel by letter dated April 27, 2005. See letter from S. Theodore Merritt, AUSA, dated April 27, 2005, attached to the Affidavit of James Michael Merberg, Esquire as Exhibit "A".

Pursuant to Local Rule 116.6, the Government has declined to identify this witness and the Government's promise, reward or inducement on the grounds that "disclosure at this time would be detrimental to the interests of justice, including possibly jeopardizing the safety and well-being of the witness and/or the witness's family members." See Exhibit A, p. 6 ("OTHER VICTIM ASSISTANCE").

Mrs. Al Jader seeks disclosure of the witness's identity, as well as the Government's promise, reward or inducement, on the following grounds:

1.     Without the benefit of such disclosure, her defense will be substantially hampered in its preparation for trial.  The alleged victims in this case, as well as several other witnesses interviewed by the Government, are not U.S. citizens.  They speak little or no English, and at this juncture, having

overstayed their visas, must rely on the Government's assistance for their continued stay in the United States.  See Affidavit of James Michael Merberg, Esquire, at ¶ 21.  Mrs. Al Jader is entitled to know the identity of the witness and learn the nature of the Government's promise, reward, or inducement to said witness in order to effectively prepare cross-examination.

2. The Government has not presented any evidence that Mrs. Al Jader, a 40 year old woman with no prior criminal history, see Affidavit of James Michael Merberg, Esquire, at ¶5, has acted in any way which would jeopardize the safety and well-being of any witness and/or the witness's family members. Disclosure of the witness's identity is therefore reasonable under the circumstances of this case.

Mrs. Al Jader respectfully refers this Honorable Court to the Memorandum of Law and Affidavit of James Michael Merberg, Esquire, filed herewith.

WHEREFORE, the Defendant, through counsel, respectfully requests this Honorable Court to issue an Order compelling the Government's immediate disclosure of the witness and any promise, reward or inducement made thereto.

Respectfully submitted,
HANA AL JADER,
By her attorney,

s/James Michael Merberg
_____
James Michael Merberg, Esquire
66 Long Wharf
Boston, Massachusetts 02110
Tel. (617) 723-1990

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

**DEFENDANT HANA AL JADER'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO COMPEL DISCLOSURE OF
THE IDENTITY OF A GOVERNMENT WITNESS**

**INTRODUCTION**

The instant memorandum is submitted in support of the Defendant, Hana Al Jader's, Motion to Compel Disclosure of the Identity of a Government Witness.

**ARGUMENT**

I. The Government's Reason For Declining To Disclose The Identity Of Its Witness Is Vague, Speculative, And Unsupported By Any Evidence.

The Government has declined to identify the identity of one witness on the basis that, "in [its] judgment, disclosure at this time would be detrimental to the interests of justice, including *possibly* jeopardizing the safety and well-being of the witness and/or the witness's family members. See Affidavit of James Michael Merberg, Esquire, at Exhibit A, p.6. This allegation of potential jeopardy is vague and speculative, and unsupported by any evidence.

Mrs. Al Jader's defense will be substantially hampered without the benefit

of disclosure.  As one court has observed:

> The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial.  At a minimum, pretrial ignorance of the identity of the prosecution's witnesses tends to detract from the effectiveness of the defense's objections and cross-examination.  Although continuances, which tend to mitigate the detrimental effects of unpreparedness, are sometimes obtainable, not only are they merely a partial solution to the problem of unpreparedness but, in addition, their prolongation of trials is of course costly to both the government and the defendant.

United States v. Cannone, 528 F.2d 296, 301 (2d. Cir. 1975), rehearing and rehearing en banc denied.

The Government has made no showing that Mrs. Al Jader, a 40 year old woman with no prior criminal history who is on pretrial release with home confinement and electronic monitoring, has attempted to jeopardize the safety and well-being of those witnesses known to the defense.  Nor is this a case where inherently the "dangers of witness intimidation, subornation of perjury or actual injury to witnesses are great."  Contrast United States v. Taylor, 707 F.Supp. 696, 703 (S.D.N.Y. 1989) ("Especially in narcotics cases, where the dangers of witness intimidation, subornation of perjury or actual injury to witnesses are great, the defendant's request for a witness list should not be granted absent a particularized

showing of need." [Citations omitted]); Cannone, supra, 528 F.2d at 297-98, 302 (district court committed reversible error by ordering the pretrial disclosure of the names and addresses of all government witnesses, where two of the defendants had been charged with beating a grand jury witness, and the court had made an *in camera* inspection of materials evidencing two additional attempts to influence witnesses).

The Defendant's need for disclosure, as well as any promise, reward, or inducement made by the Government to the witness, is heightened by the fact that many of the witnesses in this case are not U.S. citizens. Certain witnesses, including the two alleged victims and third witness Veronica Pedroza speak little or no English, have overstayed their visas, and are wholly dependent on the Government's assistance in staying in the United States. In addition, defense counsel needs adequate time to investigate the background of the as yet undisclosed witness, particularly where a number of witnesses are not U.S. born and defense counsel may be required to obtain documents or other materials not available in the United States in preparing a defense

If convicted, the Defendant will face serious criminal penalties as well as the forfeiture of certain property, including her residences in Arlington and Winchester, Massachusetts. The Government's declination to disclose the witness's identity is based on a vague, speculative allegation which is unsupported by any evidence. It is anticipated that the Government will not be

able to satisfy its burden under Local Rule 116.6 of demonstrating why disclosure should not be made.

## CONCLUSION

Accordingly, based upon the foregoing points and authorities, the Defendant, Hana Al Jader, respectfully requests this Honorable Court to grant her motion compelling the disclosure of the identity of the government witness as well as any promise, reward or inducement made thereto.

Respectfully submitted,

HANA AL JADER,

By her attorney,

s/James Michael Merberg

_____
James Michael Merberg, Esquire
66 Long Wharf
Boston, Massachusetts 02110
Tel. (617) 723-1990