IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

## DEFENDANT HANA AL JADER'S MOTION FOR ACCESS TO GOVERNMENT WITNESSES

NOW COMES the Defendant, Hana Al Jader, through counsel, and respectfully moves this Honorable Court for an Order directing that the Defendant be permitted the same access to government witnesses as the Government has had, *i.e.*, unencumbered by the presence of opposing counsel. Specifically, Mrs. Al Jader seeks:

1. Authorization for defense counsel to meet the witnesses, Trimurniyati Dzalipa and Rohimah Bakri, and, with the assistance of an interpreter and without the Government present, to seek the witnesses' permission to be interviewed; and

2. Authorization for defense counsel to interview Trimurniyati Dzalipa and Rohimah Bakri, with the assistance of an interpreter and without the Government present, if the witnesses so consent.

The witnesses, who are being held in an undisclosed location, have been given temporary work visas, money for food, clothing, and shelter, and are otherwise under the

protection of the Government.  See Affidavit of James Michael Merberg, Esquire, at ¶21.

The Government has admitted to instructing these witnesses not to speak to any other witnesses.  See Affidavit of James Michael Merberg, Esquire at ¶20.

Mrs. Al Jader respectfully refers this Honorable Court to the Memorandum of Law and Affidavit of James Michael Merberg, Esquire, filed herewith.

WHEREFORE, the Defendant, through counsel, respectfully requests this Honorable Court to issue an Order allowing the Defendant access to the government witnesses under the conditions set forth herein.

        Respectfully submitted,

        HANA AL JADER,

        By her attorney,

        s/James Michael Merberg

        _____
        James Michael Merberg, Esquire
        66 Long Wharf
        Boston, Massachusetts 02110
        Tel. (617) 723-1990

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

**DEFENDANT HANA AL JADER'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR ACCESS
TO GOVERNMENT WITNESSES**

**INTRODUCTION**

The instant memorandum is submitted in support of the Defendant, Hana Al Jader's, Motion for Access to Government Witnesses. The Government is presently holding Trimurniyati Dzalipa and Rohimah Bakri in an undisclosed location. See Affidavit of James Michael Merberg, Esquire, at ¶16. Since the Government's seizure of these witnesses on November 16, 2004 from the Al Jader residence, the Government has provided these women with temporary work visas, as well as money for food, clothing, and shelter.[1] See Affidavit of James Michael Merberg, Esquire, at ¶20.

Initially, these young women made several telephone calls to other witnesses, during which the young women stated that they missed Hana [Mrs. Al Jader] and her children, asked how the children were, and lamented about being unable to return to the Al Jader residence. See Affidavit of James Michael Merberg, Esquire, at ¶ 19. In one of the last of such phone conversations, one of

---

[1] Presumably, the Government has also informed the witnesses that if Mrs. Al Jader is convicted under one or more counts of the indictment, the witnesses will be entitled to file a civil suit against her for monetary damages pursuant to 18 U.S.C. §1595.

the two government witnesses stated, in essence, that she and the other government witness were not supposed to be talking to anyone associated with Hana. See Affidavit of James Michael Merberg, Esquire, at ¶ 18. The Government has confirmed in court that it has, indeed, instructed these young women not to speak to any other witnesses. See Affidavit of James Michael Merberg, Esquire, at ¶ 20.

## ARGUMENT

I.   The Defendant Has An Equal Right Of Access To Witnesses, Absent Clear And Compelling Circumstances Which Would Justify Interference With This Right.

The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is well-established. See United States v. Rodriguez-Berrios, 2005 U.S.Dist. LEXIS 12094, at *5 (D.P.R., 2005), citing Kines v. Butterworth, 669 F.2d 6, 9 (1st Cir. 1981) (collecting cases). As one court has observed:

> Witnesses, particularly eye witnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them.

Rodriguez-Berrios, supra, 2005 U.S. Dist. LEXIS 12094, at *5, citing Gregory v. United States, 369 F.2d 185, 188 (D.C.Cir. 1966), cert. denied, 396 U.S. 865 (1969). The Gregory court further explained:

> A criminal trial, like its civil counterpart, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to

interview the persons who have the information from which the truth may be determined.

Gregory, supra, 369 F.2d at 188.

The Defendant seeks the same right of access to the witnesses as the Government has had these past eight months: the right to meet the witnesses, with the assistance of an interpreter, and interview them, with their consent, unencumbered by the Government's presence. "The free choice of a potential witness to talk to defense counsel must remain unconstrained, and the prosecution improperly interferes with a defendant's right of access to the witness if it imposes unjustified limitations." Rodriguez-Berrios, supra, 2005 U.S.Dist. LEXIS, at *5 (citations omitted).

Indeed, interference with a defendant's right of access is only justified by "the clearest and most compelling considerations." Rodriguez-Berrios, supra, 2005 U.S.Dist. LEXIS 12094, at *5-6, citing Kines, 669 F.2d at 9, citing Dennis v. United States, 384 U.S. 855, 873-874 (1966) ("In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact.").

Thus, "where the government's witnesses are in obvious danger, the right of access may be delayed until trial." Rodriguez-Berrios, supra, 2005 U.S.Dist. LEXIS 12094, at *6 (citations omitted). No compelling circumstances exist in the present case, however. The Government has the witnesses under its protection and there is no reason to believe that Mrs. Al Jader who has no prior involvement

with the criminal justice system or her family, including her husband, H.H. Prince Mohamed Bin Turki Alsaud, who is confined to a wheelchair, and her children, ages 13 to 17, present any danger to these women. See Affidavit of James Michael Merberg, Esquire, at ¶¶ 3 and 5.

Even general concerns about witness coercion and intimidation based upon the violent nature of the crimes charged in an indictment will not "automatically translate into a limitation on defense access to particular witnesses." Rodriguez-Berrios, supra, 2005 U.S.Dist. LEXIS 12094, at *7.

Thus, in United States v. Rodriguez-Berrios, supra, the district court declined a government request that the defendant be required to give prior notice of an interview request so that the government could inform the witness of the defense request and of his or her right to refuse to be interviewed. Despite the violent nature of the crimes charged in the indictment (carjacking, as well as the sexual abuse, abduction, and slaying of the victim) and the legitimate concerns of the prosecution for the witnesses' safety, the government's request for prior notification of defense interview requests constituted a limit on defense access to witnesses which the court found unnecessary. Rodriguez-Berrios, supra, 2005 U.S. Dist. LEXIS 12094, at *2, 6-7.

The Defendant's need in this case for a court order granting equal access to the witnesses is occasioned by the Government's actions. The Defendant cannot, without this Honorable Court's assistance, seek an interview with two key eyewitnesses, as they have been at an undisclosed location for the past several

months, placed there by the Government.  Moreover, in view of the fact that these witnesses have been instructed by the Government not to speak with any other witnesses, and the fact that these witnesses are (and have been, for the past eight months) wholly dependent upon the Government's largesse for food, shelter, clothing and work, as well as their future right to remain in the United States, the standard practice of having the defense request for an interview relayed to these witnesses by the Government is bound to be met with skepticism, at best.

There is a strong likelihood that these witnesses, already accustomed to following the Government's instructions and relying on the Government for their physical well-being, will refuse any request to speak with defense counsel which the Government relays, for fear of displeasing the Government, on whom their continued residence in the United States depends.

The Defendant's need for unfettered access to relay her interview request to the witnesses is significant.  These women are key eyewitnesses in the Government's case against Mrs. Al Jader, and the defense cannot know what they are going to testify to, or how firm they are in their testimony, without first having a fair opportunity for access to obtain the witnesses' permission for an interview.  Contrast Kines, supra, 669 F.2d at 10-11 (no prejudice resulted from defendant's non-access to five corrections officers who were potential witnesses, where there was no evidence, before or during trial, to suggest that any of the officers were eyewitnesses to the victim's injury).

In addition, the Government's influence on the witnesses is pervasive.

The prosecution's refusal to allow the two key witnesses to speak with other witnesses, or anyone associated with Hana, will severely hamper the defense. It is imperative, therefore, that the defense have an opportunity to speak with the government witness themselves, without the Government being present. Absent the ability of defense counsel to request a face-to-face interview with these witnesses, the Government truly will have "exclusive access to a storehouse of relevant facts:" the two key eyewitnesses against Mrs. Al Jader, both of whom have much at stake in following the Government's orders and little or no support for themselves should they fail to do so.

Accordingly, Mrs. Al Jader requests the same right of access to Trimurniyati Dzalipa and Rohimah Bakri as the Government has had, whereby the defense would be able to meet these witnesses, and, with the assistance of an interpreter, seek permission to interview them, unencumbered by Government participation which would effectively inhibit the witnesses' freedom to make a decision about whether or not to speak with Mrs. Al Jader and her counsel.

## **CONCLUSION**

Based upon the foregoing points and authorities, the Defendant, Hana Al Jader, respectfully requests that this Honorable Court grant her Motion for Access to Government Witnesses.

Respectfully submitted,
HANA AL JADER,
By her attorney,

s/James Michael Merberg

_____
James Michael Merberg, Esquire
66 Long Wharf
Boston, Massachusetts 02110
Tel. (617) 723-1990