IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | NO. 05-10085-RCL |
| | ) | |
| HANA F. AL JADER | ) | |

AFFIDAVIT OF JAMES MICHAEL MERBERG
IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCLOSURE
OF THE IDENTITY OF A GOVERNMENT WITNESS, MOTION FOR BILL OF
PARTICULARS, AND MOTION FOR ACCESS TO GOVERNMENT WITNESS

NOW COMES, James Michael Merberg, Esquire on oath deposes and says as follows:

1. I am attorney duly admitted to practice before the Supreme Judicial Court of the Commonwealth of Massachusetts, the United States District for the District of Massachusetts, the United States Court of Appeals for the First Circuit, and the Supreme Court of the United States.

2. I am counsel for Hana Al Jader the Defendant in the above captioned matter.

3. Ms. Al Jader is a woman who has resided in the Commonwealth of Massachusetts since 1996 at 339 Mystic Street, Arlington, Massachusetts, and more recently at 62 Cambridge Street, Winchester, MA with her six children, the oldest of whom are teenagers, and her husband who is confined to a wheelchair.

4. Ms. Al Jader has been released pending trial on conditions which include home confinement and electronic monitoring. Ms. Al Jader cannot leave her residence without first obtaining permission from Pre Trial Services.

5. Ms. Al Jader does not have any prior criminal record or criminal history. (Verified by Pre Trial Service Officer Thomas O'Brien in his March 31, 2005 Pre Trial Services Report, and acknowledged in the United States Attorney's Voluntary Discovery letter dated April 27, 2005 - a copy of which is attached hereto and marked Exhibit A).

6. I have prepared this Affidavit in support of the Defendant's Motion to Disclose the Identity of a Government Witness, Motion for Bill of Particulars, and Motion for Access to Government Witnesses.

7. Undersigned counsel has received and reviewed a substantial amount of discovery materials provided pursuant to Local Rule 116, and interviewed a number of potential witnesses.

## UNIDENTIFIED GOVERNMENT WITNESS

8. The identity and other relevant information regarding the individual referred to at page 6 of the Government's Voluntary Disclosure letter (Exhibit A) under the heading "Other Victim Assistance" cannot be ascertained without disclosure from the Office of the United States Attorney.

9. The Government has not produced any information in their pretrial discovery to suggest or imply that disclosure of the name and other relevant information concerning the unidentified government witness will in any way jeopardize the safety and well-being of the witness and/or the witness's family members.

10. Pursuant to local Rule 116.6 having sought the identity of the relevant information regarding the unidentified government witness, the burden shall be on the party declining disclosure to demonstrate, by affidavit and supporting memorandum citing legal authority, why such disclosure should not be made.

## BILL OF PARTICULARS

11. Your affiant has carefully reviewed the indictment and all discovery materials produced by the Office of the United States Attorney, however, I am unable to determine the nature of the harm, both physical and non physical, charged in Counts One and Two of the indictment.

12. Your affiant has not been unable to determine from the information provided any of the specifics of the claimed serious harm, physical restraint or the scheme, plan or pattern she (Hana Al Jader) is alleged to have threatened as part of

the criminal conduct charged in Counts One and Two.

13. Your affiant respectfully submits that the Defendant is entitled to the specifics of the serious harm which she is alleged of threatening, and the manner and means by which it is alleged that she abused and threatened abuse of law and the legal process, as charged in the indictment.

14. Similarly, the indictment and the discovery material provided do not provide sufficient particularity as to the manner and means by which the Defendant is alleged to have knowingly concealed, removed, confiscated, and possessed the Indonesian passports of Trimurniyati Dzalipa and Rohimah Bakri, as charged in Counts Three and Four of the indictment.

## ACCESS TO GOVERNMENT WITNESSES TRIMURNIYATI DZALIPA AND ROHIMAH BAKRI

15. Numerous individuals who have been interviewed by your affiant as part of the Defendant's pretrial preparation.

16. The Office of the United States Attorney and other governmental agencies assisting in the prosecution of the instant case have arranged for the two alleged victims (Trimurniyati Dzalipa and Rohimah Bakri) to reside in an undisclosed location.

17. Your affiant has been informed that shortly after the November 16, 2004 execution of search warrants on the Defendant's Winchester and Arlington residences, and the removal of the two Indonesian maids (Trimurniyati Dzalipa and Rohimah Bakri) several individuals spoke by telephone with the two young women.

18. During the course of these brief telephone conversations Trimurniyati Dzalipa and Rohimah Bakri reported that they had been instructed by the Government not to contact Hana Al Jader, or any person or persons associated with her.

19. Trimurniyati Dzalipa and Rohimah Bakri stated that they missed Hana Al Jader and the children, and expressed the desire to return to the Al Jader residence.

20. At the interim status conference held on July 13, 2005, the Assistant United States Attorney Merritt orally confirmed that the two alleged victims were instructed not to talk to other potential witnesses, or any other individuals involved in

the pending case.

21. A review of the voluntary discovery material clearly demonstrates that Trimurniyati Dzalipa, Rohimah Bakri, and Veronica Pedroza are relying on the United States Government, and have received assistance from the government which includes but is not limited to food, clothing, shelter, work permits, continued presence status in the United States, and possibly other as yet undisclosed assistance.

22. Counsel respectfully submits that it is unrealistic to expect when asked by the Office of the United States Attorney whether they wish to speak to defense counsel the two alleged victims will agree, particularly when the request is made by one of the parties responsible for providing the two witnesses with food, shelter, clothing and permitting them to work and remain (at least temporarily) in the United States.

23. Witnesses, particularly eye witness, are neither the property of the prosecution nor the defense and both sides should have an equal right and equal opportunity to interview them before trial in order to properly prepare a defense.

24. Counsel would respectfully propose that these two alleged victims (Trimurniyati Dzalipa and Rohimah Bakri) be made available to Defendant's counsel in the presence of an interpreter at a mutually convenient date and time in a neutral location, for the purposes of determining whether they are willing to be interviewed by defense counsel.

25. Your affiant will be unable to fully and fairly prepare for trial unless an order is entered granting the defense a fair and reasonable opportunity, under non-coercive circumstances, to meet with and attempt to interview the two principal Government witnesses, Trimurniyati Dzalipa and Rohimah Bakri.

Signed under the pains and penalties of perjury this 4th day of August 2005.

s/James Michael Merberg
_____
James Michael Merberg