IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MASSACHUSETTS


**UNITED STATES OF AMERICA**         :
                                     :     CRIMINAL ACTION
          v.                         :
                                     :     NO. 05-10085-RCL
**HANA F. AL JADER**                 :


               **GOVERNMENT'S OPPOSITION TO DEFENDANT'S
               MOTION FOR DISCLOSURE OF IDENTITY OF WITNESS**

   The defendant has moved the Court for order requiring the government to disclose immediately the identity of a witness on the ground that such disclosure, months before any trial date has even been set, is necessary to prepare for trial.  The government opposes this motion.

                         **PROCEDURAL HISTORY**

   In its Automatic Discovery letter, under L.R. 116.2(B)(1)(c), the government provided a lengthy list of promises, rewards and inducements given to identified witnesses.  The government also added the following:

> As to one witness, pursuant to LR 116.6, the government declines to identify the witness and the promise, reward or inducement because, in the government's judgment, disclosure at this time would be detrimental to the interests of justice, including possibly jeopardizing the safety and well-being of the witness and/or the witness's family members.

   Since the filing of defendant's motion, the government has informed defense counsel that the witness to which the afore-mentioned paragraph refers, is already an identified witness known

to them. However, the government asserted to defense counsel -- and represents herein -- that disclosure at this time of the particular promise, reward or inducement would still engender the risk of detrimentally affecting the witness and the administration of justice. As such, the government represented that it will make such disclosure 21 days before trial along with any other additional impeachment evidence, as required by LR 116.2(B)(2).

## **ARGUMENT**

The defendant's motion should be denied because there is no discernible need for the defense to learn of the specific promise, reward inducement at this point. Because the timing of the disclosure would not result in identifying a new witness, previously unknown to the defense, but merely disclose an additional bit of potential impeachment information, the premise of defendant's motion -- that she needs to discover the identity of the witness now to prepare adequately for trial -- no longer applies.

In assessing the defendants' request, it is important to note that the United States ordinarily is not required to disclose the identity of witnesses until the time of trial. United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992); United States v. Reis, 788 F.2d 54, 58 (1st Cir. 1986); United States v. Barrett, 766 F.2d 609, 617 (1st Cir.), cert. denied, 474 U.S. 923 (1985). See also United States v. Hamilton, 452 F.2d 472, 479 (8th Cir. 1971) (identity of witness is information that government is not

normally required to supply to criminal defendant), cert. denied, 406 U.S. 925 (1972); United States v. Higgs, 713 F.2d 39, 43-45 (3d Cir. 1983) (abuse of discretion for District Court to order pretrial disclosure of names and addresses of government witnesses who had been offered immunity and/or leniency where government presented evidence of threats), cert. denied, 464 U.S. 1048 (1984).

    Here, the government is not withholding the identity of a witness but merely delaying the disclosure of one piece of potential impeachment information because it believes it is not in the interests of justice to disclose it so far removed from any real trial date.  The defense would not be unfairly prejudiced by disclosure of this information three weeks before trial.

Thus, her motion to compel the disclosure of the identity of a witness should be denied.[1]

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

dated: September 2, 2005     By:  /s/ S. Theodore Merritt
                                              S. THEODORE MERRITT
                                              Assistant U.S. Attorney

                                              LOU DeBACA
                                              Trial Attorney
                                              Criminal Section
                                              Civil Rights Division
                                              Department of Justice

---

[1] Should the Court be inclined to order the United States to disclose the promise, reward or inducement at this time, the United States respectfully requests permission to condider supplementing this document with an ex parte sealed filing for the Court to review in camera. Such a document would detail further the specific safety and other issues at stake.