IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 05-10085-RCL |
| **HANA F. AL JADER** : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR ACCESS TO GOVERNMENT WITNESSES**

The defendant has moved the Court to enter an Order requiring the alleged victims in this case to meet with defense counsel, without the presence of any agent of the government, to attempt to interview them if they so consent. Because each victim has been informed of defense counsel's request and has independently declined to be interviewed, this motion should be denied. Furthermore, because the victims' decisions to forego an interview by defense counsel have not been constrained by the government, the defendant is not entitled to the Order it seeks under established case law.

**FACTS**

The defendant, Hana F. Al Jader, is charged in the indictment, among other things, with obtaining and maintaining the labor services of two Indonesian women, "Tri," and "Ro", through threats of serious harm, in violation of 18 U.S.C. §1589. After a search warrant was executed on the defendant's residence on November 16, 2004, Tri and Ro chose to escape their situation. Since that time,

each has been afforded certain benefits and services under Federal and State programs and/or funded non-governmental activities pursuant to Section 107 of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386 ("TVPA").  Neither victim is subsisting under the control of any agents of the government, much less any agent connected to the  prosecution team in this case.

By letter dated July 8, 2005, defense counsel requested the government to arrange to have him meet with each victim to personally ask them if they would agree to be interviewed.  In its response, dated July 11, 2005, the government stated that it would transmit such request to each witness and assured counsel that his "request [would] be communicated in a professional and ethical manner without any undue influence."

Since that time, defense counsel's request to meet with and interview Tri and Ro has been separately communicated to each one.  After reflection, both declined to meet with defense counsel and be interviewed.

### ARGUMENT

Under the foregoing circumstances, the defendant has not been improperly denied access to interview witnesses before trial.  "The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is clearly recognized by the courts." Kines v. Butterworth, 669 F.2d 6,9 (1st Cir. 1981).  However, "no right of a defendant is violated when a

potential witness freely chooses not to talk . . . Id. "Unless a witness's refusal to speak to the defense was caused by action on the part of an agent of the prosecution, there is no denial of access by the government." United States v. Arboleda, 929 F.2d 858, 868 (1st Cir. 1991). *See also* United States v. Hoffman, 832 F.2d 1299, 1303-1304 (1st Cir. 1987).

Thus, courts have routinely found that the prosecution's transmittal of the defense request to witnesses, even when coupled with the accurate statement that it was the witness's decision, satisfies the defendant's right of access to witnesses. *See e.g.*, Kines, 669 F.2d at 10; United States v. Tipton, 90 F.3d 861, 889 (4th Cir. 1996)("[O]nly access is a matter of right, there is no right to have witnesses compelled to submit to interview, hence no violation by a prosecutor's advising witnesses to that effect."); United States v. Black, 767 F.2d 1334, 1338 (9th Cir. 1985).

Here, the defendant has not claimed -- nor can she -- that government agents have acted improperly to influence the free choice of each witness in her decision not to be interviewed by defense counsel. Rather, she hypothesizes that each victim is so dependent on purported government support services that no decision could be truly without the latent influence of the prosecution team. Such rank speculation, however, is insufficient to deviate from the settled practice of relying on the government's agents to act responsibly and in a neutral manner in forwarding requests to

3

be interviewed.

The only authority cited for her motion is United States v. Rodriquez-Berrios, 2005 WL 1414270 (D. Puerto Rico, June 11, 2005). That case, however, is inapposite.  There the government sought an order from the court to prohibit defense counsel from interviewing witnesses *ex parte* and requesting prior notification.  The court properly rejected the motion, finding that the government had not shown any compelling circumstances.  Id. * 2.  However, the court reaffirmed that "nothing prevents the government from generally informing its witnesses of their right to decline interviews." Id.

Here, the victims voluntarily removed themselves from the defendant's control and understandably wish to keep their current whereabouts unknown.  While it is true, as the defendant asserts, they were advised not to talk with other witnesses in the case, such routine instructions do not constitute a denial of defense counsel's access to witnesses justifying the unwarranted intervention of the Court which she seeks.

CONCLUSION

For the foregoing reasons, defendant's motion for access to government witnesses should be denied.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

dated: September 2, 2005     By:  <u>/s/ S. Theodore Merritt</u>
                                                  S. THEODORE MERRITT
                                                  Assistant U.S. Attorney

                                                  LOU DeBACA
                                                  Trial Attorney
                                                  Criminal Section
                                                  Civil Rights Division
                                                  Department of Justice