UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Cr. No. 05-10085-RCL |
| ) | |
| **HANA F. AL JADER** ) | |

**MOTION FOR RECONSIDERATION OF**
**JOINT MOTION TO CONTINUE TRIAL**

On April 1, 2006 the United States of American ("the government") and Hana F. Al Jader ("the defendant"), by and through their respective attorneys, jointly moved this Honorable Court to continue the Trial in this matter set for May 1, 2005 to June 5, 2006. On April 5, 2006, the Court entered an Order to continue the Trial from May 1, 2006 to May 15, 2005. The defendant hereby requests the Court to reconsider its decision and further continue the Trial in this matter from May 15, 2006 to June 5, 2006, and extend the time for submitting the scheduled pretrial disclosure deadlines each accordingly by one month.

As the basis for this motion for reconsideration, defense counsel further clarifies his position by stating that counsel is engaged in a set of lengthy back-to-back trials with the instant matter squeezed precariously in the middle. Such a tight schedule serves neither Al Jader's interest, nor Lefleur's and The Estate of John L. McIntyre's interests, nor the interests of justice. The requested dates would not unnecessarily delay the Al Jader matter while it would, in fact, serve the interests of justice by providing defense counsel proper time to prepare for the Al Jader trial. Moreover, it will an almost

1

impossible physical feat for me to conduct the Al Jader trial without a short break after the Lafleur trial.

The trial of the instant matter (Al Jader) is now scheduled to begin on the predicted ending point of United States v. David Lafleur, Cr. No. 04-10152-JLT.  As a result, defense counsel must prepare Lafleur's pretrial disclosures, instructions, motions, and prepare for his trial from April 10, 2006 through May 1, 2006.  From May 1, 2006 through May 15, 2006, defense counsel expects to be fully focused and engaged in the Lafleur trial.  At the same time, defense counsel must also begin on April 10, 2006 to prepare Al Jader's pretrial disclosures, special jury voir dire questionnaire, instructions, all motions in limine, and for the trial of Al Jader, which is set to begin on May 15, 2006.  I am due to begin the, at least, one week trial of Timothy Smith Docket No.:  2004-2024-001 in Middlesex Superior Court on April 10, 2006 (rape case).

Thus, there will be no possible way for defense counsel to focus on the Al Jader matter during the time he is required to prepare for and conduct the Lafleur trial. Nevertheless, by the Court's April 5, 2006 Order in the instant matter (Al Jader), defense counsel is required, beginning on April 10, 2006, to disclose witness statements, investigate the government's soon to be produced witnesses, submit fully briefed jury voir dire questions and all other special instructions, requests and motions in limine, and otherwise prepare to conduct a trial set to begin immediately after the Lafleur trial.

Similarly, while defense counsel is preparing for and then engaged in the Al Jader trial, though he is not primarily responsible as lead attorney, he must also help prepare for trial in The Estate of John L. McIntyre v. United States, et al., Civ. No. 01-10408-RCL[1].

---

[1] I am assuming, perhaps, without reason, that McIntyre will follow Al Jader should Al Jader be scheduled for June 5, 2006.  If not, perhaps Al Jader can follow McIntyre, with a short break in between.

The McIntyre matter is set for trial to begin on June 5, 2006, but its pretrial schedule reaches back into the time when defense counsel is focused and fully engaged in the Al Jader matter. As a result, neither of these defendants' interests nor the interests of justice will be served.

The June 5, 2006 date was proposed by defense counsel as a viable alternative to the original trial date of May 1, 2006, in order to provide defense counsel with an adequate and necessary three-week period to refocus on and prepare for the Al Jader matter. The requested June 5, 2006 date would not unnecessarily delay the Al Jader matter while it would, in fact, serve the interests of justice by providing defense counsel proper time to prepare for trial. Defense counsel is willing to exclude all time, and if the Court will not reconsider its denial of June 5, 2006 as a reasonable trial date, defense counsel is willing to exclude all further time until a viable and convenient date can be selected in September 2006.

For the reasons stated earlier by the parties in their joint motion and for the additional reasons stated herein and supported by affidavit, the defendant respectfully asks the Court to reconsider its earlier decision and to continue the trial in this matter from May 15, 2006 to June 5, 2006, and to continue the deadline for the parties to submit their scheduled pretrial disclosures by the same amount of additional time.

Wherefore, the defendant asks the Court to allow the parties' joint motion, extend the disclosure deadlines by one month, and continue the trial in this matter from May 15, 2006 to June 5, 2006, or some point shortly thereafter.

|  |  |
|---|---|
|  | Respectfully submitted,<br>HANA F. AL JADER,<br>By her attorney: |
| Dated: April 7, 2006 | /s/ Jeffrey A. Denner<br>_____<br>Jeffrey A. Denner, BBO No. 120520<br>Denner Associates, P.C.<br>Four Longfellow Place, 35th Floor<br>Boston, Massachusetts 02114<br>617-227-2800 |