UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-10085-RCL |
| ) | |
| HANA F. AL JADER ) | |

**AFFIDAVIT OF JEFFREY A. DENNER, ESQUIRE
IN SUPPORT OF MOTION FOR RECONSIDERATION
OF JOINT MOTION TO CONTINUE TRIAL**

I, Jeffrey A. Denner, being duly sworn according to law, under oath depose and say:

1. I am lead counsel representing Hana F. Al Jader in the above-entitled action.

2. I am a member of the Bars of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

3. Currently, I am preparing to conduct a complex and lengthy trial in the matter of United States v. David Lafleur, Cr. No. 04-10152-JLT, in which I am lead counsel. This trial is set to begin on May 1, 2006, and it is expected to proceed each day from 9:00 a.m. to approximately 5:00 p.m. until its conclusion. We estimate that the trial will conclude around May 15, 2006.

4. Al Jader's trial is set to begin on May 15, 2006.

5. During the time that I am preparing for and conducting Lafleur's trial, I will be required in the Al Jader matter to submit special jury voir dire questions, other special trial arrangements and issues, all motions in limine, and otherwise prepare for a complex trial, including direct and cross examination preparation.

6. In order to prepare for Al Jader's trial, it is critical that I have time to consider and investigate the government's soon to be disclosed witnesses and

1

information. This will be my first opportunity to investigate the complaining witnesses and their statements made to the grand jury. Additionally, it is equally critical that I continue to engage in good faith negotiations regarding a possible resolution short of trial while otherwise preparing for trial.

7. With the trials for Lafleur and Al Jader positioned back-to-back, it will be an almost impossible physical feat for me to conduct the Al Jader trial without a short break after the Lafleur trial.

8. To prepare for the Al Jader trial at the same time I am preparing for and engaged in the Lafleur trial will serve neither client nor the interests of justice.

9. Similarly, to be engaged in the Al Jader trial while having to prepare for the matter of The Estate of John L. McIntyre v. United States, et al., Civ. No. 01-10408-RCL will serve neither client nor the interests of justice.

10. The McIntyre trial is set to begin on June 5, 2006. In addition to being lead counsel in the Lafleur and Al Jader matters, I am counsel in the McIntyre matter.

11. With the trials for Lafleur, Al Jader, and McIntyre positioned back-to-back, it will be an almost impossible physical feat for me to conduct the Al Jader and then McIntyre trials without a short break after the Lafleur trial and after the Al Jader trial, particularly as I had an aneurysm burst in my chest 3 years ago and am still feeling the effects of same.

12. Brad Bailey, a partner in Denner Associates, P.C., is co-counsel in the Lafleur and Al Jader matters. There is no one else in the firm to try Al Jader or Lafleur since the client in Lafleur and the client in Al Jader specifically hired the two of us.

13. The June 5, 2006 date in Al Jader was proposed as a viable alternative to the original trial date of May 1, 2006 in order to provide defense counsel with an adequate and necessary three week period to refocus on and prepare for Al Jader. In my thinking (as jointly agreed by the government), the requested date would not unnecessarily delay the Al Jader matter while it would, in fact, serve the interests of justice by providing defense counsel proper time to prepare for trial.

Signed under the pains and penalties of perjury this 7th day of April 2006.

/s/ Jeffrey A. Denner
_____
Jeffrey A. Denner