UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HANA F. AL JADER | CR. NO. 05-10085-RCL |

### MOTION FOR LEAVE TO CONDUCT EVIDENTIARY HEARING REGARDING EARLIER FILED DEFENDANT'S MOTION FOR ACCESS TO GOVERNMENT WITNESSES

Hana F. Al Jader (the "defendant"), by and through undersigned counsel, moves this Honorable Court for leave to conduct an evidentiary hearing regarding an earlier filed Defendant's Motion for Access to Government Witnesses.

As the basis for this motion, the defendant avers that during a final status conference held on November 14, 2005, the defendant, through her attorneys, informed the Court that she intended to file a supplemental memorandum of law in support of her previously filed motion for access to government witnesses. The Court[1] granted permission for the defendant to do so. Immediately following the conclusion of the status conference, however, the Court issued an order denying the defendant's motion without allowing the defendant an opportunity to file her supplemental memorandum. On November 16, 2004, the defendant requested that the Court vacate the denial of her motion in order to allow the defendant an opportunity to file her supplemental submission and filed a supplemental memorandum of law and supplemental affidavits. To date, the Court has not acted on these submissions.

---

[1] The Honorable Joyce London Alexander, United States Magistrate Judge for the District of Massachusetts.

1

Without allowing the defendant to conduct an evidentiary hearing, a due process violation may likely occur as "both sides have the right to interview witnesses before trial." Cacoperdo v. Demosthenes, 37 F.3d 504 (9th Cir. 1994) (citing United States v. Cook, 608 F.2d 1175, 1180-81 (9th Cir. 1979). The Ninth Circuit observed that:

> Abuses can easily result when officials elect to inform potential witnesses of the right not to speak with defense counsel. . . Absent fairly compelling justification, the government may not interfere with defense access to witnesses.

Id. at 509 (citations omitted). A due process violation occurs if interference with access to witnesses prevents the defendant from receiving a fair trial. Thus, the government should not be permitted to inform its witnesses that they are not required to speak to defense counsel. Id. (citing United States v. Rich, 580 F.2d 929, 934 (9th Cir. 1978); see also United States v. Long, 449 F.2d 288, 296 (8th Cir. 1971) (better procedure if trial court permits defense counsel to hear directly from witness whether he/she is willing to talk). In order to sustain a due process violation, a defendant must show that the government prevented access to relevant and material information. Id.

The Affidavit of Jeffrey A. Denner, Esquire, appended hereto in support of this motion, demonstrates how the government has prevented the defendant from obtaining access to relevant and material information essential to her defense. The defendant also relies upon her earlier submitted motions to access government witnesses, affidavits, and memoranda of law to support this motion. See Docket Item Nos. 27, and 50-52. These documents detail how the government has systematically denied the defendant access to vital information and contributed to an ongoing violation of her due process rights.

Wherefore, the Court should allow the defendant's motion for leave to conduct an evidentiary hearing.

                                              Respectfully submitted:
                                              Hana F. Al Jader, the defendant
                                              By her attorneys

                                                           /s/

                                              _____
                                              Jeffrey A. Denner, BBO No. 120520
                                              Laura P. Malouf, BBO No. 637049
                                              Denner Associates, P.C.
                                              Four Longfellow Place, 35th Floor
                                              Boston, Massachusetts 02114
                                              617-227-2800

Dated: April 18, 2006

**DENNER ASSOCIATES, P.C.**
COUNSELLORS AT LAW

FOUR LONGFELLOW PLACE, 35TH FLOOR, BOSTON, MA 02114
TELEPHONE: (617) 227-2800 • TELEFAX: (617) 973-1562

April 18, 2006

**VIA HAND DELIVERY AND E-FILE**
617-748-9152

Steve York, Docket Clerk
Honorable Reginald C. Lindsay
United States District Court for District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

Re:   United States v. Hana F. Al Jader
      Docket No. 1:05-CR-10085-RCL

Dear Mr. York:

On April 7, 2006, I filed a Motion for Reconsideration of Joint Motion to Continue Trial together with my supporting Affidavit in behalf of the defendant in the above-referenced case. These documents (Docket Item Nos. 57 and 58) were hand delivered to you as well as e-filed with the Court last week. If the Court is inclined to deny this motion, I request an opportunity for oral argument before the Court renders its decision.

Additionally, defense counsel hereby requests that Defendant's Motion for Reconsideration [of Defendant's Motion for Access to Government Witnesses] and Defendant's Motion for Access to Government Witnesses (Docket Item Nos. 27, 50-52) be marked for an evidentiary hearing at the Court's earliest convenience and encloses for you as well as e-files with the Court today a Defendant's Motion for Leave to Conduct an Evidentiary Hearing Regarding Earlier Filed Defendant's Motion for Access to Government Witnesses together with my supporting Affidavit. For your convenience, I am enclosing copies of these items.

Thank you for your cooperation in this matter.

Very truly yours,

Jeffrey A. Denner

Copy:  S. Theodore Merritt, Assistant U.S. District Attorney