Law Office of
# E. Peter Parker
One Commercial Wharf North
Second Floor
Boston, MA 02110

tel   (617) 742-9099
fax  (617) 742-9989
email  peter@parkerslaw.com
web page     parkerslaw.com

August 17, 2006

S. Theodore Merritt
United States Attorney's Office
United States Courthouse
One Courthouse Way
Boston, MA 02210

    Re:   *United States v. Al Jader*,
           Criminal No. 05-10085-RCL

Dear Ted:

    You recently received an electronic copy of my Notice of Appearance in the above-captioned matter. I will be trying the case along with Joe Balliro.

    I am writing to request the following discovery that, as far as I can tell, has not been requested by Ms. Al Jader's predecessor counsel, Messrs. Merberg and Denner. As used throughout these requests, the term "government" includes all branches of the Justice Department as well as all state, local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *United States v. Owens*, 933 F. Supp. 76, 86 (D. Mass. 1996) (disclosure obligation "governs all the offices of the United States Attorney and the Justice Department itself, ... the Bureau of Prisons ... [and all other governmental agencies including state officers acting as agents of the federal government"); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C.Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washington, D.C. Metropolitan Police Department's homicide and internal affairs file).

Law Office of E. Peter Parker 2

**Discovery Requests**

1. Digital images, if available, or duplicate color reprints of all photographs taken at the time of the execution of the search warrant, and all photographs the government intends to offer at trial.

2. All records that constitute or relate to the cellular phone(s) provided to all prospective government witnesses, including all billing, toll charges and itemized call records.

3. All English translations of all foreign-language documents seized or obtained during the investigation that led to the charges in the indictment.

4. All oral and written statements made by all persons interviewed by government agents, and all reports relating to all such statements, including, without limitation, Malika El-Houggagi, Ali Hejazi, Malik Haddad, Jamal Khudari and Neil and Grace Brown.

5. Please identify all non-profit and/or for-profit agencies that provided shelter, money and assistance of any kind whatsoever to any government witness.

6. Please identify all hotels where the government housed the witnesses taken from 62 Cambridge Street, Winchester at all times from November 16, 2004 to the present.

7. The entire A file for all prospective government witnesses who have A files.

8. A description of all assistance provided to any government witness by the Office of Victim Assistance Criminal Investigation Division.

9. The Continued Presence Protocol(s) in effect at all times from January 1, 2003 to the present.

10. All contemporaneous notes, memoranda, statements, reports, surveillance logs tape recordings and other documents memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency at the time was formally participating in an investigation intended, in whole or in part, to result in a federal indictment, including all raw notes whether or not the substance of such notes is incorporated in a written report, and all rough drafts of reports.

11. Please produce Jencks Act material forthwith.

12. Exculpatory Evidence. In addition to the exculpatory material the government is obligated to produce pursuant to Local Rule 116.2, defendant requests that the government disclose all exculpatory evidence as that term is discussed and defined in *Kyles, supra*, *Brady v. Maryland*, 373 U.S. 83, 87, (1963), *Giglio v. United States*, 405 U.S. 150 (1972); *Osorio, supra, United States v. Bagley*, 473 U.S. 667, 674-675 (1985), U.S. 419, 437 (1995) and *Owens, supra*. The exculpatory evidence defendant requests with respect to each government witness in this case includes, but is not limited to, the following:

**(a) Criminal Records.**

All information about each witness' arrest and conviction record, criminal activity and misconduct, including, but not limited to:

(1) The full record (including certified copies) of federal or state convictions, whether misdemeanor or felony. Defendant requests the court to order the government to obtain such criminal records (other than for law enforcement witnesses, and witnesses such as record-keepers). *See Davis v. Alaska*, 415 U.S. 308, 316 (1974); *Ouimette v. Moran*, 942 F.2d 1, 12 (1st Cir. 1991) ("'[N]o matter more material than a complete record of the State's star witness ... to be used for demonstrating the unworthiness of belief of his testimony ... .'");

(2) All information known to the government of conduct which constitutes a crime under federal or state law for which the witness could be prosecuted. *See Osorio*, 929 F.2d at 756-58; *Owens*, 933 F. Supp. at 88;

(3) A full statement of all criminal prosecutions and investigations against any prospective witness and of all civil or administrative actions or investigations against the witness, regardless of whether or not these cases are the subject of promises, rewards or inducements, *see United States v. Bonanno*, 430 F.2d 1060, 1062 (2d Cir.) (requiring disclosure of indictment of witness so that defendant could investigate all promises), *cert. denied*, 400 U.S. 964 (1970);

(4) A full statement of whether any witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding, *see Davis*, 415 U.S. at 317; and

(5) The prison records of any witness who has been incarcerated in federal or state prison.

**Authority.**  *Kyles*, 115 S.Ct. at 1572; *Davis*, 415 U.S. at 316-17; *Osorio*, 929 F.2d at 758 (government should have disclosed information that key witness had engaged in extensive drug trafficking for which he had not been charged); *Alford v. United States*, 282 U.S. 687, 693 (1931) (prior criminal conduct is relevant where the witness may have been promised or believed that his cooperation would lead to immunity); *Devose v. Norris*, 867 F. Supp. 836, 849 (E.D. Ark. 1994) (conviction reversed where government failed to disclose prior disciplinary action against witness for theft and making false statements to supervisor and prosecuting attorney while employed as a police officer).

**(b) Promises, rewards and inducements.**

A complete statement of all promises, rewards, or inducements of any kind made to any prospective witness in this case, whether made in connection with this case or in any other case, including, without limitation, the following:

(1)   All information regarding all assurances, express or implied, by the government that it will give or consider giving charge, sentencing or other assistance to a witness (or to a relative, friend, or associate) facing actual or possible criminal charges or non-criminal sanctions, and all suggestions or recommendations that any state government or any other official agency, including any immigration agency, do so.  The information provided should include the nature of the offense, the court in which the charge is pending, the docket number, and a detailed description of the assistance given;

(2)   All statements made during negotiations as to what the government might or might not do depending upon the witness' cooperation;

(3)   All requests for payment or promises, rewards and inducements, or favorable treatment of any kind, made by all witnesses, whether or not such requests were agreed to by the government;

(4)   All statements in the government's possession, custody or control made by all witnesses regarding all promises, rewards and inducements, or favorable treatment of any kind, the witnesses expect to receive or are trying to obtain, whether or not the government has agreed to provide such promises, rewards, inducements and treatment;

(5)   All information regarding all threats or promises made to each witness or his family to motivate his cooperation; and

(6)   All information regarding government efforts to obtain for or on behalf of any witness money, services and/or assistance of any

kind from any non-governmental and/or quasi-governmental agency.

**Authority.** *Kyles*, *Brady* and *Giglio*; *United States v. Drougas*, 748 F.2d 8, 23 (1st Cir. 1984) ("[e]vidence relating to the impeachment of prosecution witnesses and immunity or other preferential treatment ... is deemed to be exculpatory within the meaning of the *Brady* rule"); *Owens*, 933 F. Supp. at 87 ("The government has to reveal all promises, rewards and inducements to include the *quid* for the *quo*. And if the *quid pro quo* involves other sovereigns, of course that must be revealed"); *Snell*, 899 F. Supp. at 22 ("[P]romises, rewards and inducements -- is both classic Brady and is specifically mentioned in the Local Rules"); *United States v. Partin*, 493 F.2d 750, 757-60 (5th Cir. 1974) (proper impeachment to question an witness about the dropping of charges against or other preferential treatment given to his family).

(c) **Payments to witnesses.**

All past, anticipated, and foreseeable payments by the government or any law-enforcement agency of money or other things of value to a witness (other than routine witness fees) for information or other assistance provided to the government or other such agency, and all written records of same. Specifically with respect to all cooperating witnesses, defendant requests all ledgers, receipts, vouchers, and other documents which describe the sums paid in any form to or for the benefit of the cooperating witness or her family in this and any other case in which the cooperating witness assisted any federal, state or local governmental agency.

**Authority.** *United States v. Cervantes-Pacheco*, 826 F.2d 310, 315-16 (5th Cir. 1987) ("[t]he government must also make a complete and timely disclosure to the accused of the fee arrangement it has made with the informant"), *cert. denied*, 484 U.S. 1026 (1988). *United States v. Williams*, 954 F.2d 668, 671-72 (11th Cir. 1992) ("jury has a right to know what may be motivating a witness" even if "the amount [of money] paid an informant is felt by the government to be too prejudicial").

(d) **Special arrangements.**

All special arrangements made or facilitated by the government including, but not limited to, any special treatment or assistance given to any witness while incarcerated or in connection with or during all debriefings by government investigators and attorneys, and all government efforts to obtain for or on behalf of any witness money, services and/or assistance of any kind from any non-governmental and/or quasi-governmental agency.

(e) **Credibility.**

All information bearing upon the credibility of all witnesses, including, without limitation:

(1) all inconsistent statements by a witness, *see Kyles*, 115 S.Ct. at 1569-71; *Owens*, 933 F. Supp. at 87; *United States v. Pellulo*, 14 F.3d 881, 886 (3rd Cir. 1994) ("an IRS memorandum detailing an interview with [a witness] which set forth facts inconsistent with the testimony of [the witness] ... qualifies as *Brady* evidence);

(2) all false statements made by a witness (or omissions of material facts) during the course of interviews by law enforcement officials, *see Kyles*, 115 S.Ct. at 1571-73;

(3) all bias, prejudice, hostility, personal interest, financial interest or special relationship that could cause the witness to testify in favor of the government or against any defendant, *see Kyles*, 115 S.Ct. at 1571-72 *Owens*, 933 F. Supp. at 87; *Snell*, 899 F. Supp. at 23; *United States v. Cooper*, 662 F. Supp. 913, 99 (D.R.I. 1987);

(4) all evidence of poor memory, in general or with respect to the events in question, including any statements by a witness concerning same;

(5) all physical, mental, visual, or psychiatric treatments and/or impairments and treatment (including legal or illegal use of drugs and excessive use of alcohol) which could affect the witness' accuracy, and full details concerning same, *see Pennsylvania v. Ritchie*, 480 U.S. at 60- 61 (evidence of a witness emotional impairment is discoverable); *United States v. Barrett*, 766 F.2d 609, 615-16 (1st Cir.) (evidence of psychiatric treatment), *cert. denied*, 474 U.S. 923 (1985); *United States v. Butt*, 955 F.2d 77, 82 (1st Cir. 1992) (mental instability) *United States v. Collins*, 472 F.2d 1017, 1018-19 (5th Cir. 1972)(drug or alcohol addiction or abuse), *cert. denied*, 411 U.S. 983 (1973); *United States v. Fowler*, 465 F.2d 664, 665-66 (D.C. Cir. 1972) (same).

(6) all results of all scientific or quasi-scientific tests, such as polygraphs, which fail to conclude that a witness has been completely truthful with respect to any statement, *see Jacobs v. Singletary*, 952 F.2d 1282 (11th Cir. 1992) (government's failure to disclose witness's polygraph testimony which significantly clashed with his testimony at trial was *Brady* violation);

(7) all evidence that a witness has a poor reputation for telling the truth or has engaged in any conduct probative of untruthfulness, *see Kyles*, 115 S.Ct. at 1572;

  (8)  all information tending to show a motive for any witness to curry favor with the government; and

  (9)  all information tending to show that a witness has a relationship with any other witness, informant or government agent.

  **(f) Inconsistent statements.**

All inconsistent statements between different witnesses concerning any facts material to the investigation, defense or prosecution. *See Kyles*, 115 S.Ct. at 1569-71; *Owens*, 933 F. Supp. at 87.

  **(g) Law enforcement personnel.**

All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action or criminal prosecution, or the subject of disciplinary action or criminal prosecution, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

**Authority.** *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976) (error to foreclose discovery of undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis); *Brooks*, 966 F.2d at 1503 (government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files); *United States v. Henthorn*, 931 F.2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

  **(h)  Contradictory information.**

All evidence tending to undercut in any way the credibility of the government's evidence or of the allegations in the indictment.

  Please call me if you have any questions or wish to discuss any details of this request. Please deliver all responsive documents to Joe Balliro's office at 99 Summer Street.

                 Very truly yours,

                  /s/ *E. Peter Parker*
                  E. Peter Parker

cc:  Joseph Balliro, Esq.
    Ms. Hana Al Jader