**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL ACTION** |
| **v.** : | |
| : | **NO. 05-10085-RCL** |
| **HANA F. AL JADER** : | |

**MOTION TO QUASH SUBPOENAS DUCES TECUM**

The United States hereby moves, pursuant to Fed. R. Crim. P. 17(c)(2), to quash subpoenas duces tecum issued by the defendant to the named victims in this case and served on the government. The subpoenas, which are attached, require the production of numerous categories of records and documents, most of which are personal in nature and unrelated to the case. The government opposes the issuance of these broad and unjustified subpoenas which, in effect, are sought to be used as the prototypical "fishing expedition" for impeachment material.[1] Not only do the subpoenas fail the appropriate legal hurdle which requires that they seek known, admissible evidence, they are otherwise oppressive to the victims.

**The Subpoenas**

The defendant has served the government with subpoenas directed at the victims, Trimurniyati BT Sukadi Dzalipa ("Tri") and Rohimah BT Lili Bakri ("Ro") and third person unknown to the government. In identical attachments, the subpoenas to the victims require the production of 12 broadly defined categories of documents from 2000 to the present, including, for example, "all financial records," "all bank records," "all records of medical treatment or care," "all records of sources of income, revenues and disbursements," "all records of construction of any home

---

[1] The government's opposition to the motion for pre-trial subpoenas is, of course, independent to any grounds the putative recipients may assert in a motion to quash.

or residence for you or any member of your family," and "any records related to criminal activities in the United States of America and abroad." The list also includes "records of any communication between witnesses and persons involved in the case," "any records of any promises or rewards made to you by any person, including but not limited to, any agent or person associated with any government in exchange or related to your appearance in the case," and "any records regarding any and all interactions with the INS or any arm fo the United States Government, including but not limited to Homeland Security, as it may relate to your admission and status within the United States or aborad."

## Argument

The subpoenas as written should be quashed because, for the most part, they are, at best, an attempt to explore the existence of any possible impeachment material, a prohibited use of a Rule 17(c) subpoena. Not content with the rules of discovery or the government's compliance with its Brady obligations, these subpoenas constitute the proverbial "fishing expedition," in direct contravention to Rule 17. The rule is "not intended to provide an additional means of discovery." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).

The Supreme Court, in United States v. Nixon, 418 U.S. 683, 699 (1974), stated that a party seeking subpoenas duces tecum for documents under Rule 17(c) must make initial showings:

> (1) that the documents are evidentiary and relevant;
>
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
>
> (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

>    (4)    that the application is made in good faith and is not intended
>           as a general 'fishing expedition.'

Id. at 699-700 (footnote omitted).² This means that the issuing party has the burden of "clear[ing] three hurdles: (1) relevancy; (2) admissibility, (3) specificity." Id. at 700. See also Concemi, 957 F.2d at 949 ("The moving party must show, among other things, that the material he seeks is evidentiary and relevant.") (quoting United States v. Lieberman, 608 F.2d 889, 904 (1st Cir.), cert. denied 444 U.S. 1019, 100 S. Ct. 673 (1980)). A party seeking a Rule 17(c) subpoena must make a preliminary showing not only that it knows specifically what it is asking for and it exists, but that the item it seeks is admissible as evidence.

It is clear from the subpoenas that defendants are embarking on a "fishing expedition" without the requisite foundation under the rule. First, there is no showing that the subpoenas seek documents which are admissible and relevant. In order to be procurable by means of a Rule 17(c) subpoena, the materials themselves must be admissible evidence. United States v. Cherry, 876 F.Supp. 547, 552 (S.D.N.Y. 1995). "Mere speculation as to the contents of documents is hardly a showing of relevance." Concemi, 957 F.2d at 949. Thus, the party issuing the subpoena must show that the documents constitute admissible evidence, not that they might be. See United States v. King, 164 F.R.D. 542, 544 (D. Kansas 1996)("that the requested material is 'potentially' relevant and admissible is not enough, for both tests must be satisfied at the time the evidence is sought");

---

²Although Nixon concerned the pre-trial production of subpoenaed materials, the same principles are applicable to subpoenas returnable for the first day of trial, as well as to the content of any Rule 17(c) subpoena. See United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992)(applying Nixon standard to request for Rule 17(c) subpoenas during trial); United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996)(applying Nixon principles to request for subpoenas on first day of trial); United States v. Giampa, 1992 WL 296440 (S.D.N.Y. 1992)(finding rationale of rule that impeachment materials not subject to pre-trial production applies with equal force to request that documents be produced on first day of trial).

Hang, 75 F.3d at 1283(subpoenas relating to mental health records of prosecution witnesses quashed; "At most, Hang's broad request exemplified his 'mere hope' that the desired documents would produce favorable evidence, and a Rule 17(c) subpoena cannot properly be issued upon 'mere hope'".)

For example, the requests for all records related to criminal activity and all records of communications between any persons involved in the case are not designed to acquire admissible, relevant evidence but, at best, to hunt for possible impeachment evidence.  This is an impermissible use of a Rule 17(c) subpoena.
Similarly, the request for any medical records or financial records is not directed at known, relevant and admissible evidence, but is made, at best, in the hope of finding such material.

Second, the subpoenas do not uniformly seek a specific document or group of documents. "[The specificity] requirement ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents," and "it also serves to prevent the subpoena from being converted into a license for what the Supreme Court decried as a 'fishing expedition' to see what may turn up." United States v. King, 164 F.R.D. at 545 (citations omitted).  Thus, requests for "all financial records" or "all bank records" etc. do not meet the specificity requirement of Rule 17(c).

Third, much of the requested information is repetitive of discovery material provided by the government in its disclosures of promises, rewards and inducements to the victims.  Without some suggestion, much less showing, that the government has not fulfilled its obligations in this regard, the defendant should not be permitted to use a Rule 17(c) subpoena directed at the victim to verify the disclosures.

**Conclusion**

For the foregoing reasons, the government's motion to quash the attached subpoenas should be granted.

**Certification**

Pursuant to LR 7.1 (A)(3), the undersigned certifies that the government is filing this motion after failing to resolve the issue with defense counsel.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ S. Theodore Merritt
        S. THEODORE MERRITT
        Assistant U.S. Attorney

        BARBARA KAY BOSSERMAN
        Trial Attorney, Criminal Section
        Civil Rights Division
        U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

        /s/ S. Theodore Merritt
        S. THEODORE MERRITT
        Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

United States District Court                DISTRICT OF                Massachusetts

United States

v.

Hana F. Al Jader

**SUBPOENA IN A CRIMINAL CASE**

Case Number:  1:05-cr-10085 RCL

TO: Rohimah BT Lil Bakai
c/o S. Theodore Merritt
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE United States District Court<br>District of Massachusetts<br>One Courthouse Way<br>Boston, Massachusetts | COURTROOM<br>5th floor, crtrm #11 |
| --- | --- |
| | DATE AND TIME<br>09/05/2006; 9:00 a.m. |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Please see "Schedule A" attached.

The demand set forth in "Schedule A" call for the production of documents in your possession, custody, or control without regard to the physical location of those documents and without regard to whether they were prepared by or for you.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>**SARAH A. THORNTON** | DATE<br>4/18/2006 |
| --- | --- |
| (By) Deputy Clerk<br>*Steve York* | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

SCHEDULE A

From the year 2000 to the present:

1. All financial records.
2. All records of payments or monies for construction of any building.
3. All records of construction for any home or residence for you or any member of your family.
4. All records of wire transfers made on your behalf between the United States of America and Indonesia and/or Saudi Arabia and Indonesia.
5. All bank records and/or records of any financial institution.
6. All contracts, agreements, quotes, requests for proposals or other evidence of financial obligations.
7. All records of sources of income, revenues and disbursements.
8. All records of medical treatment or care.
9. All records of communications between any witness or person involved in the above captioned criminal case.
10. Any records regarding any and all interactions with the Immigration and Naturalization Service or any arm of the United States Government, including, but not limited to Homeland Security, as it relates of may relate to your admission and status within the United States of America or abroad.
11. All records of any promises or rewards made to you by any person, including, but not limited to, any agent or person associated with any government in exchange or related to your appearance as a witness in the above-entitled matter.
12. Any records related to criminal activities in the United States of America or abroad.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

United States District Court     DISTRICT OF     Massachusetts

United States

v.

Hana F. Al Jader

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 1:05-cr-10085 RCL

TO: Trimurniyati BT Sukadi Dzalipa
c/o S. Theodore Merritt
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE United States District Court<br>District of Massachusetts<br>One Courthouse Way<br>Boston, Massachusetts | COURTROOM<br>5th floor, crtrm #11 |
| --- | --- |
| | DATE AND TIME<br>09/05/2006; 9:00 a.m. |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Please see "Schedule A" attached.

The demand set forth in "Schedule A" call for the production of documents in your possession, custody, or control without regard to the physical location of those documents and without regard to whether they were prepared by or for you.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>**SARAH A. THORNTON** | DATE<br>4/18/2006 |
| --- | --- |
| (By) Deputy Clerk<br>*Steve York* | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

SCHEDULE A

From the year 2000 to the present:

1. All financial records.
2. All records of payments or monies for construction of any building.
3. All records of construction for any home or residence for you or any member of your family.
4. All records of wire transfers made on your behalf between the United States of America and Indonesia and/or Saudi Arabia and Indonesia.
5. All bank records and/or records of any financial institution.
6. All contracts, agreements, quotes, requests for proposals or other evidence of financial obligations.
7. All records of sources of income, revenues and disbursements.
8. All records of medical treatment or care.
9. All records of communications between any witness or person involved in the above captioned criminal case.
10. Any records regarding any and all interactions with the Immigration and Naturalization Service or any arm of the United States Government, including, but not limited to Homeland Security, as it relates of may relate to your admission and status within the United States of America or abroad.
11. All records of any promises or rewards made to you by any person, including, but not limited to, any agent or person associated with any government in exchange or related to your appearance as a witness in the above-entitled matter.
12. Any records related to criminal activities in the United States of America or abroad.