UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**HANA F. JADER** | **Criminal Action**<br>**#05-10085-RCL** |

## <u>UNITED STATES' REQUEST FOR JURY INSTRUCTIONS</u>

The United States of America respectfully requests, pursuant to Rule 30 of the Federal

Rules of Criminal Procedure, that the attached proposed instructions be included in the Court's

standard charge to the jury at the close of the evidence in this case.

The United States asks leave to file additional requests for jury instructions as may

become appropriate and necessary during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By    */s/ S. Theodore Merritt*

S. THEODORE MERRITT
Assistant U.S. Attorney

BARBARA KAY BOSSERMAN
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice

## <u>CERTIFICATE OF SERVICE</u>

I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ S. Theodore Merritt

S. THEODORE MERRITT
Assistant U.S. Attorney

UNITED STATES' PROPOSED JURY INSTRUCTION #1

Counts One and Two– Forced Labor and Attempted Forced Labor

Counts One and Two of the Indictment charge the defendant with obtaining and attempting to obtain the labor and services of Tri and Ro against their will in violation of the Forced Labor statute, 18 U.S.C. § 1589.  Count One charges the defendant for her conduct towards Tri and Count Two for her conduct towards Ro.  The relevant part of Section 1589 provides that:

"Whoever knowingly obtains the labor or services of a person–

(1) by threats of serious harm to, or physical restraint against, that person or another person;

(2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint"... [or]

(3) by means of the abuse or threatened abuse of law or the legal process

[shall be guilty of an offense against the United States].

Authority:
18 U.S.C. § 1589.

UNITED STATES' PROPOSED JURY INSTRUCTION #2

<u>Forced Labor – Elements</u>

To find the defendant guilty of forced labor under Section 1589, you must find that each of the following three elements has been proven beyond a reasonable doubt.

<u>First</u>:          That the defendant obtained the labor or services of another person;

<u>Second</u>:      That the defendant did so through at least one of the following prohibited means:

a) through threats of serious harm to, or physical restraint against, the person or any other person,

b) through a scheme, plan, or pattern intended to cause the person to believe that non-performance would result in serious harm to, or physical restraint against, that person or any other person, or

c) through the abuse or threatened abuse of law or the legal process; and

<u>Third</u>:          That the defendant acted knowingly.

<u>Authority</u>:

18 U.S.C. § 1589.

<u>United States v. Bradley</u>, 390 F.3d 145, 150 (1st Cir. 2004) (discussing statutory elements).

2

UNITED STATES' PROPOSED JURY INSTRUCTION #3

<u>Forced Labor–First Element</u>

In considering the first element, you must decide whether the defendant obtained the services of another person: namely, Tri in Count One or Ro in Count Two. I instruct you that, in considering this element, the word "obtain" is to be given its ordinary meaning. Obtain means to gain, acquire, or attain. If you find that the defendant obtained the labor or services of another person, then you may find that the first element has been satisfied.

<u>Authority</u>:

<u>Smith v. United States</u>, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning").

Webster's Ninth New Collegiate Dictionary (9th ed. 1983).

UNITED STATES' PROPOSED JURY INSTRUCTION #4

Forced Labor–Second Element

If you find that the defendant obtained the labor or services of Tri or Ro, then you must determine whether the defendant did so through one or more of the three prohibited means; that is, (1) through threats of serious harm to, or physical restraint against, a person; (2) through a scheme, plan or pattern intended to cause Tri or Ro to believe that serious harm would result to her or to another person if she did not perform the labor or services required of her; or (3) through abuse or threatened abuse of the law or legal process.  In order to find that this second element has been satisfied, you must find beyond a reasonable doubt that one of the prohibited means I just mentioned was used to obtain Tri or Ro's labor or services.

To prove that the defendant compelled the labor or services of Tri or Ro through threats of serious harm or physical restraint,  the government need not prove that the defendant threatened that Tri or Ro would personally suffer these consequences.  It is enough if the defendant threatened that a family member, friend, or any other person would suffer serious harm or physical restraint, provided that the threats were made to obtain the labor of Tri or Ro.

The term "serious harm" includes both physical and non-physical types of harm.  A threat of serious harm, therefore, need not involve threats of physical violence.  It includes threats of any consequences, whether physical or nonphysical, that are sufficient, under all the surrounding circumstances, to compel or coerce a reasonable person in the same situation to provide, or to continue providing, labor or services.  The term does not include legitimate adverse consequences of an employee's failure to perform work.  For instance, an employer's refusal to pay a promised wage or salary to an employee who has failed to fulfill an employment contract,

4

without more, will not constitute a threat of serious harm.  In determining whether a threat of a negative consequence is legitimate, you may consider all the facts and circumstances surrounding the threat.  These include whether the negative consequence was one specifically required or allowed by law, regulation, or enforceable legal contract and whether the consequence was one which is common or typical in the United States for the work, business, or industry in which the victims were employed.

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings.  A "scheme, plan, or pattern intended to cause a victim to believe that nonperformance of labor or services will result in serious harm" need not involve actual threats of serious harm, but may involve any other method – including deception or psychological coercion – used to cause the victim  reasonably to believe that she, a family member, or any other person would suffer serious harm if she refused to continue providing labor or services.

The term "abuse or threatened abuse of law or the legal process" means using – or threatening to use – criminal laws, civil laws, or the legal system primarily to accomplish a purpose for which they were not designed.  All persons have the right to report crimes and immigration violations to the authorities and to enforce their legal rights in a court of law.  No one, however, may misuse the legal system for purposes of extortion.  If you find that the defendant contacted, or threatened to contact,  police or immigration officials, or that she otherwise used or threatened to use the legal system, and that her purpose was <u>not</u> to report crime or to enforce her legal rights, but was instead to compel the labor or services of Tri or Ro, then you may find that the defendant abused -- or threatened to abuse -- the law or legal process.

If you find that the defendant used any of the three prohibited means I just described against Tri or Ro, you must then determine whether these means were sufficient to cause Tri or Ro reasonably to believe that she had no choice but to work or to remain working for the defendant. In making that determination, you may consider the cumulative effect of the defendant's conduct on Tri or Ro.

You may also consider whether any known objective conditions -- such as youth, immigrant status, or lack of education – made Tri or Ro especially vulnerable to pressure. You may find that not all persons are of same courage or firmness and may thus consider Tri and Ro's background, physical and mental condition, experience, education, socioeconomic status, and any inequalities between the named victims and the defendant, including their relative stations in life. Simply put, you may ask whether Tri or Ro were known to be vulnerable in some way so that the actions of the defendant, even if not sufficient to compel another person to work, were enough to compel Tri or Ro to work.

A few final things about this second element of the offense of forced labor:

To prove forced labor, the government does not need to link each of the threats allegedly made or actions allegedly taken against Tri or Ro to particular labor tasks performed by them. If either Tri or Ro was threatened with or suffered certain consequences in connection with the services she purportedly rendered, either as punishment or as part of a "climate of fear" that overcame her will and led her to reasonably believe that she had no choice but to provide labor or services, then that is sufficient to establish the second element of the offense of forced labor.

The government also need not prove physical restraint – such as the use of chains, barbed wire or locked doors – in order to establish the offense of forced labor. The fact that Tri or Ro

6

may have had an opportunity to escape is irrelevant if the defendant placed Tri or Ro in such fear or circumstances that she did not reasonably believe she could leave. A victim who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

Finally, in considering whether service performed by someone was involuntary, you are instructed that it is not a defense to the crime of Forced Labor that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw, and is then forced to remain and perform work against her will by one of the means described above, then her service becomes involuntary. Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in forced labor. In other words, if a person is compelled to labor against his will by any one of the means prohibited by the forced labor statute, such service is involuntary even if she is paid or compensated for the work.

Authority:

*Serious Harm*

United States v. Bradley, 390 F.3d 145, 151 (1st Cir. 2004) (upholding instruction but holding that "in an appropriate case we think that the court in instructing the jury would be required to draw a line between improper threats or coercion and permissible warnings of adverse but legitimate consequences.").

H.R. Conf. Rep. No. 106-939 at 101 (2000), 2000 WL 1479163 (Oct. 5, 2000); 22 U.S.C. § 7101(b)(5)-(7) (congressional findings and purposes relating to enactment of section 1589).

*Scheme, Plan or Pattern*
H.R. Conf. Rep. No. 106-939 at 101 (2000), 2000 WL 1479163 (Oct. 5, 2000).

*Abuse of Law or Legal Process*

Restatement (Second) of Torts, § 682 & cmt b (1977) (stating that "[o]ne who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process" and emphasizing that process is abused when it is used "for ... an ulterior purpose of benefit to the defendant," "for an immediate purpose other than that for which it was designed and intended," or "to put pressure upon [another] to compel him to pay a different debt or to take some other action or refrain from it").

Black's Law Dictionary 10 (7th ed. 1999) ("[t]he improper and tortious use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope").

Gonzalez Rucci v. INS, 405 F.3d 45, 49 (1st Cir. 2005) (Applying Puerto Rican law and holding that "the two basic elements of abuse of process are a bad motive, and the use of a legal process for an improper, collateral objective.") (internal citations and alterations omitted).

Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (recognizing elements of a "malicious abuse of process claim" under New York law).

*Victim Vulnerability*

United States v. Kozminski,  487 U.S. 931, 952 (1988) ("Our holding does not imply that evidence of other means of coercion, or of poor working conditions, or of the victim's special vulnerabilities is irrelevant in a prosecution under these statutes. As we have indicated, the vulnerabilities of the victim are relevant in determining whether the physical or legal coercion or threats thereof could plausibly have compelled the victim to serve.").

Bradley, 390 F.3d 145, 153 (1st Cir. 2004) ("known objective conditions that make the victim especially vulnerable to pressure (such as youth or immigrant status) bear on whether the employee's labor was "obtain[ed] by forbidden means.").

United States v. Alzanki, 54 F.3d 994, 1000-02 (1st Cir. 1995)(holding in 1584 case that "in assessing whether the government has succeeded in establishing the requisite compulsion, the jury is to consider the victim's special vulnerabilities" in determining whether the compulsion could plausibly have compelled the victim to serve against her will and also holding that it "was entirely proper to instruct the jury to consider [the victim's] background and experience in assessing whether her fears were reasonable.").

United States v. Veerapol, 312 F.3d 1128, 1132 (9th Cir. 2002) (holding in involuntary servitude case that the jury may consider such factors the victim's special vulnerabilities when determining whether the defendant's threats plausibly compelled the victim's service).

*Climate of Fear*

22 U.S.C. § 7101(b)(5) (TVPA's legislative findings discussing conduct that isolates victims "from family and friends, religious institutions, and other sources of protection and support, leaving the victims defenseless and vulnerable").

H.R. Conf. Rep. No. 106-939 at 100-01 (TVPA legislative history discussing schemes to place victims in fear of "harms such as banishment, starvation, or bankruptcy" as examples of means by which traffickers unlawfully intimidate victims).

Kozminski, 487 U.S. at 956-57 (Brennan, J., concurring in judgment) (discussing range of coercive tactics that contributed to climate of fear in various involuntary servitude cases, including "disorienting the victims with frequent verbal abuse ... denying medical care and subjecting the victims to substandard food, clothing, and living conditions" requiring victims to work long hours with no days off, "leaving them tired and without free time to seek alternative work" "isolation from friends, family, transportation or other sources of food, shelter, clothing, or jobs; denying pay or creating debt that is greater than the worker's income; ... [and] controlling every detail of their lives").

Alzanki, 54 F.3d at 999 (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter.").

United States v. King, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear").

United States v. Warren, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear").

United States v. Harris, 701 F.2d 1095, 1100 (4th Cir. 1983) (evidence that the defendant beat people other than victim was relevant because it contributed to a "reign of physical terror").

United States v. Booker, 655 F.2d 562, 566 (4th Cir. 1981) (assaults and threats created "climate of fear").

9

*Opportunity to Escape*

Bradley, 390 F.3d 145, 153 (1st Cir. 2004) (upholding similar escape instruction).

Warren, 772 F.2d at 834 ("That the worker had the opportunity to escape is of no moment, if the defendant has placed him in such fear of physical harm that he is afraid to leave.").

Booker, 655 F.2d at 567 (4th Cir. 1981) (holding that trial court "should not have charged the jury that it would have to find that the defendants' use of force effectively denied the possibility of escape to the victims. The availability of escape ... or even a situation where the discipline of terror is not constantly enforced, does not preclude a finding that persons are held as slaves.").

United States v. Bibbs, 564 F.2d 1165, 1168 (5th Cir. 1977) ("Therefore, a defendant is guilty of holding a person to involuntary servitude if the defendant has placed him in such fear of physical harm that the victim is afraid to leave, regardless of the victim's opportunities for escape.").

*Initial Agreement*

Pattern Crim. Jury Instr. 11th Cir., § 49  ("In considering whether service or labor was performed by someone involuntarily, it makes no difference that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw and is then forced to remain and perform work against that person's will by the use or threatened use of coercion, that person's service becomes involuntary.").

United States v. Shackney, 333 F.2d 475, 484 n.13 (2d Cir. 1964) ("Whatever doubt there may have been as to the applicability of [words in Ordinance of 1787 prohibiting involuntary servitude] to a condition of compulsory service voluntarily entered was dispelled by the time they were incorporated into the 13th Amendment.").

King, 840 F.2d at 1283 ("The Thirteenth Amendment prohibits an individual from selling himself into bondage, and it likewise prohibits a family from selling its child into bondage. The Western legal tradition prohibits contracts consenting in advance to suffer assaults and other criminal wrongs").

United States v. Mussry, 726 F.2d 1448, 1454 n. 6 (9th Cir. 1984) ("Even though a person may come to a job voluntarily, subsequent coerced service constitutes involuntary servitude."), overruled on other grounds, United States v. Kozminski, 487 U.S. 931 (1988).

10

Bibbs, 564 F.2d at 1165, passim (5th Cir. 1977) (affirming conviction where victims initially agreed to work for defendants).

*Payment*

Pattern Crim. Jury Instr. 11th Cir., § 49 ("Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in involuntary servitude. In other words, if a person is forced to labor against that person's will by the use or threatened use of coercion, such service is involuntary even though the person is paid for the work.").

Bradley, 390 F.3d 145, 154 (1st Cir. 2004) (upholding similar payment instruction).

Alzanki, 54 F.3d at 999 (noting that victims received some pay).

Channer v. Hall, 112 F.3d 214, 218 n.7 (5th Cir. 1997) (citing Heflin and holding, in context of Thirteenth Amendment involuntary servitude claim, that "victim's services were not necessarily voluntary merely because he was paid for his labors").

Jobson v. Henne, 355 F.2d 129 & n.3 (2d Cir. 1966) (holding that, under the Thirteenth Amendment, "the mere payment of a compensation, unless the receipt of the compensation induces consent to the performance of the work, cannot serve to justify forced labor").

Heflin v. Sanford, 142 F.2d 798, 799 (5th Cir. 1944) ("Whether [the victim] was to be paid much, or little or nothing, is not the question. It is not uncompensated service, but involuntary servitude which is prohibited by the Thirteenth Amendment. Compensation for service may cause consent, but unless it does it is no justification for forced labor.").

UNITED STATES' PROPOSED JURY INSTRUCTION #5

<u>Forced Labor – Third Element</u>

With regard to the third element, the government must prove that the defendant acted knowingly. Knowingly means that an act was done voluntarily and intentionally and not because of mistake or accident. Whether the defendant acted knowingly may be proven by what the defendant said and did and by all the facts and circumstances surrounding the case, since rarely is direct proof available to establish the state of one's mind.

<u>Authority:</u>

<u>First Circuit Pattern Jury Instructions</u> 2.13.

Sand, <u>Modern Federal Jury Instructions</u>, 3A-1 and 6-17 (combined and modified).

UNITED STATES' PROPOSED JURY INSTRUCTION #6

<u>Forced Labor – Attempt</u>

Counts One and Two charge the defendant not only with forced labor, but also with attempted forced labor.  You may find the defendant guilty of a forced labor count even if you do not find that she completed the offense of forced labor, so long as you find that the defendant attempted to commit the crime of forced labor.  If you find that the defendant completed the offense, you need not consider whether that defendant was guilty of attempt.

In order to find the defendant guilty of attempting to commit the crime of forced labor, you must find that the government proved the following two elements beyond a reasonable doubt:

<u>First</u>:        That the defendant intended to commit the crime; and

<u>Second</u>:    That the defendant engaged in a purposeful act that, under the circumstances as she or she believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his or her criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme.  A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.  The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.  There is no requirement that the defendant know that what she was attempting to do was a crime.

13

Authority:

First Circuit Pattern Jury Instructions 4.01

18 U.S.C. § 1594(a) ("Whoever attempts to violate section 1581, 1583, 1584, 1589, 1590, or 1591 shall be punishable in the same manner as a completed violation of that section.").

United States v. De Leon, 270 F.3d 90, 92 (1st Cir. 2001) (holding that while attempted reentry in to the United States, like most attempt statutes, is a specific intent crime, there is no requirement that the defendant additionally know that "what [s]he proposes to do is criminal conduct").

United States v. Doyon, 194 F.3d 207, 210 (1st Cir. 1999) ("we have viewed the two key elements of the offense of attempt as (1) an "intent" to commit the substantive offense and (2) a "substantial step towards [its] commission.").

14

## UNITED STATES' PROPOSED JURY INSTRUCTION #7
### No Cultural or Religious Defense

As a matter of law, it is not a defense to a charge of forced labor or attempted forced labor that the defendant was freely exercising her religious beliefs; that her actions were taken in conformity with her own cultural or moral code; or that her actions would not be illegal in her country of origin. Foreign cultures or bona fide religious beliefs do not absolve the defendant of liability under the criminal law. When a person employs another in the United States, that person must abide by U.S. laws and regulations governing that employment relationship.

Authority:

Chatwin v. United States, 326 U.S. 455, 460 (1946) ("[B]ona fide religious beliefs cannot absolve one from liability under [a criminal law.]" ).

Prince v. Massachusetts, 321 U.S. 158, 166-70 (1944) (upholding state child labor law which prohibited children from preaching in street and holding "neither rights of religion nor rights of parenthood are beyond limitation.").

Reynolds v. United States, 98 U.S. 145, 167 (1878) ("when the offence [sic] consists of a positive act which is knowingly done, it would be dangerous to hold that the offender might escape punishment because he religiously believed the law which he had broken ought never to have been made.").

Slaughterhouse Cases, 83 U.S. 36, 72 (1872) ("If Mexican peonage or the Chinese coolie labor system shall develop slavery of the Mexican or Chinese race within our territory, [the Thirteenth Amendment] may safely be trusted to make it void.").

United States v. Meyers, 95 F.3d 1475, 1480 -81 (10th Cir. 1996) ("the right to free exercise of religion does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes . . . conduct that his religion prescribes.") (internal citations and quotations omitted).

15

Brock v. Wendell's Woodwork, Inc., 867 F.2d 196, 199 (4th Cir. 1989) ("the interest of the United States in the even-handed application and enforcement of its labor laws must prevail over the interest of church members who attempt to transport a vocational training program into industrial and commercial environments where children, save for their ages, are indistinguishable from other employees.").

United States v. Kabat, 797 F.2d 580, 589 n.10 (8th Cir. 1986) (upholding jury instruction which stated, *inter alia*, "[m]oreover, if one commits a crime under the belief, however sincere, that his conduct was religiously, politically or morally required, that is no defense to the commission of a crime.").

United States v. Lewis, 644 F. Supp. 1391, 1395 (W.D. Mich. 1986), aff'd sub nom United States v. King, 840 F.2d 1276, 1283 (6th Cir.1988).

Peonage Cases, 123 F. 671, 678 (M.D. Ala. 1903) ("When Congress, in the exercise of power granted by the Constitution, declares certain acts criminal offenses against the United States, no state or territorial law or custom, or the absence of them, can purge the offense of its criminality, or suspend, or control, or effect, the right of the United States to punish that offense.").

In re Sah Quah, 31 F. 327, 328-31 (D. Alaska 1886) (finding Thirteenth Amendment compelled freeing Native American slave, despite argument that the "holding of slaves is one of the rules and customs of their race and tribe").

UNITED STATES' PROPOSED JURY INSTRUCTION #8

Counts Three  and Four – Document Servitude

Counts Three and Four of the Indictment charge the defendant with unlawful conduct with respect to immigration documents in violation of 18 U.S.C. § 1592.  Count Three relates to the treatment of Tri and Count Four to the treatment of Ro.  The relevant part of Section 1592 provides that:

> Whoever knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person--
>
> **(1)** in the course of a violation of section [1589 (Forced Labor) or 1594(a) (attempt)];
>
> **(2)** with intent to violate section [1589 (forced labor)]; or
>
> **(3)** to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of 2000,
>
> [shall be guilty of an offense against the United States].

Authority:

18 U.S.C.A. § 1592.

## UNITED STATES' PROPOSED JURY INSTRUCTION #9

<u>Counts Three  and Four – Document Servitude</u>

In order to prove a violation of § 1592, the government must prove the following three elements beyond a reasonable doubt:

<u>First</u>:  That the defendant concealed, removed, confiscated or possessed a passport, visa, or other government identification document of another person;

<u>Second</u>:  That the defendant did so:

(1) In the course of  violating the Forced Labor statute;

(2) With intent to violate the  Forced Labor statute; or

(3) In order to prevent or restrict, without lawful authority, Tri or Ro's liberty to move or travel – or to attempt to do so –  in order to maintain Tri or Ro's labor or services, if Tri or Ro were victims of a severe from of trafficking.

<u>Third</u>:  That defendant acted knowingly.

<u>Authority</u>:

18 U.S.C. § 1592.

UNITED STATES' PROPOSED JURY INSTRUCTION #10

Document Servitude – First Element

The first element the government must prove beyond a reasonable doubt is that the defendant concealed, removed, confiscated or possessed an actual or purported passport, immigration document, or other government identification document of another person.   The terms "conceal," "remove," "confiscate" and "possess" are to be given their ordinary meanings.

Authority:

18 U.S.C. § 1592.

Smith v. United States, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning").

### UNITED STATES' PROPOSED JURY INSTRUCTION #11
Document Servitude – Second Element

The second element requires that the government prove that the defendant engaged in the concealment, removal, confiscation, or possession of the document either in the course of a Forced Labor violation *or* with the intent to commit Forced Labor, *or* to restrict or attempt to restrict the movement of someone who is a victim of a severe from of trafficking in order to maintain her labor or services.  You must all unanimously agree that the defendant acted for one of these prohibited purposes, but you need not unanimously agree on which one.

When considering whether the defendant concealed, removed, confiscated, or possessed the passports *in the course of* a forced labor offense, you should consider the instructions that I previously gave you regarding the definition of Forced Labor.

When considering whether the defendant acted *with intent to* violate the forced labor statute, I instruct you that the government need not prove an actual violation of the Forced Labor statute to prove this element beyond a reasonable doubt.  Even if the defendant does not succeed in committing Forced Labor, it is enough for the second element of Document Servitude if the defendant acted with the intent to violate the Forced Labor statute.

When considering whether the defendant acted in order to restrict or attempt to restrict, without lawful authority, the movement of a victim of a severe from of trafficking to maintain her labor or services, I instruct you that the words "restrict," "movement," "labor," and "services" are to be given their normal, ordinary meanings.  I also instruct you that someone is a victim of a severe form of trafficking if she was recruited, harbored, transported, provided, or obtained for labor or services through force, fraud, or coercion in order to subject her to a

20

condition of involuntary servitude. A person's servitude is involuntary if her labor or services were induced by means of a scheme, plan, or pattern intended to cause her to believe that, if she did not enter into or continue in such condition, she – or another person – would suffer serious harm or physical restraint. A person's servitude is also involuntary if her labor or services were induced through the abuse or threatened abuse of the legal process. These terms have the same definitions I gave to you when explaining the forced labor count.

Authority:

18 U.S.C. § 1592.

*Unanimity not necessary*

United States v. Lee, 317 F.3d 26, 36 (1st Cir. 2003) ("Thus, if a jury is confronted with divergent factual theories in support of the same ultimate issue, courts generally have held that the unanimity requirement is met as long as the jurors are in agreement on the ultimate issue ."").

*Definition of Victim of a Severe Form of Trafficking*

Smith v. United States, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning").

22 U.S.C. § 7102(8) (defining a victim of a severe form of trafficking to be a person who "was trafficked for labor or services through the use of force, fraud, or coercion, for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery.").

22 U.S.C. § 7102(5) (defining the term "involuntary servitude" as used in 7102(8) to mean a condition of servitude induced by means of any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or the abuse or threatened abuse of the legal process.").

UNITED STATES' PROPOSED JURY INSTRUCTION #12

<u>Document Servitude – Third Element</u>

The third and final element of Document Servitude is that the defendant acted knowingly.

I remind you that knowingly means voluntarily and intentionally, and not because of mistake or

accident.

<u>Authority</u>:

<u>First Circuit Pattern Jury Instructions</u> 2.13.

UNITED STATES' PROPOSED JURY INSTRUCTION #13

<u>Counts 5 and 6: Falsification of Documents</u>

Counts Five and Six of the Indictment charge the defendant with falsifying documents and causing documents to be falsified in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2(b). Count Five relates to falsification of a document relating to Tri and Count Six relates to the falsification of a document relating to Ro.

As it applies to this case, Section 1519 states:

> Whoever knowingly . . . falsifies . . . any record, document, or tangible object with the intent to impede, obstruct, or influence the . . . proper administration of any matter within the jurisdiction of any agency of the United States...or in relation to or contemplation of any such matter or case [shall be guilty of an offense against the United States].

18 U.S.C. § 2(b) states:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

<u>Authority</u>:

18 U.S.C. § 1519.

18 U.S.C. §2(b).

UNITED STATES' PROPOSED JURY INSTRUCTION #14

<u>Falsification of Records – Elements</u>


For you to find the defendant guilty of falsifying and causing the falsification of documents, you must be convinced that the government has proved each of the following three elements beyond a reasonable doubt:

<u>First:</u>         That the defendant falsified, or willfully caused another to falsify, a document;

<u>Second:</u>     That the defendant did so knowingly; and

<u>Third:</u>        That the defendant did so intending to impede, obstruct, or influence the proper administration of a matter within the jurisdiction of an agency of the United States –  or in relation to or contemplation of any such matter. Here the government has alleged that the agency with jurisdiction over the matter is the Department of Homeland Security, Bureau of Citizenship and Immigration Services;

In order to find the defendant guilty, you need not find that she personally falsified a record or document.  You may find her guilty if she willfully caused another to do so.  An act is done "willfully" if done purposefully.  I remind you that "knowingly" means voluntarily and intentionally, and not because of mistake or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly and willfully.

24

I instruct you that the Department of Homeland Security, Bureau of Citizenship and Immigration Service is an agency of the United States. You need not find that an administrative matter was pending or imminent at the time the record was falsified or that the falsified record or document or that any false statement in the document actually succeeded in impeding or obstructing or influencing the proper administration of any matter within the agency's jurisdiction. It is enough that the government prove that the defendant acted with the intent to impede, obstruct, or influence the matter or that she acted in relation to or in contemplation of such a matter.

Authority:

*18 U.S.C. 1519.*

United States v. Jackson, 2006 WL 1737193, 1 (9th Cir. 2006) (unpublished)(upholding § 1519 jury instruction).

*18 U.S.C. § 2(b)(caused to be falsified).*

United States v. Footman, 215 F.3d 145, 154 (1st Cir. 2000) ("When aiding and abetting is involved, then, the . . . "cause" language from § 2 is properly part of the jury's instruction").

<u>United States v. Leppo</u>, 177 F.3d 93, 97 (1st Cir. 1999) ("the willful causation to which [§ 2(b)] refers must be purposeful").

<u>United States v. Hollis</u>, 971 F.2d 1441, 1451 (10th Cir. 1992) (holding 2(b)'s willfulness requirement does not necessitate proof that the defendant was specifically aware of the law penalizing his conduct.).

UNITED STATES' PROPOSED JURY INSTRUCTION #15

<u>Counts 7 and 8: Visa Fraud</u>

Counts 7 and 8 of the Indictment charge the defendant with knowingly causing

another to present a false document to immigration officials in violation of 18 U.S.C. §

1546(a) and 2(b).  Count Seven relates to the presentation of a false document relating to Tri

and Count Eight relates to the presentation of a false document relating to Ro.  18 U.S.C. §

1546(a) states, in relevant part:

> Whoever knowingly makes under oath, or . . . knowingly subscribes as true,
> any false statement with respect to a material fact in any application, affidavit,
> or other document required by the immigration laws or regulations prescribed
> thereunder, <u>or knowingly presents</u> any such application, affidavit, or other
> document which contains any such false statement or which fails to contain
> any reasonable basis in law or fact– [shall be guilty of an offense against the
> United States].

> I remind you that 18 U.S.C. § 2(b) states:

> Whoever willfully causes an act to be done which if directly performed by him or
> another would be an offense against the United States, is punishable as a principal.

<u>Authority</u>:

18 U.S.C. § 1546.

18 U.S.C. § 2(b).

UNITED STATES' PROPOSED JURY INSTRUCTION #16
<u>Visa Fraud –Elements</u>

For you to find the defendant guilty of visa fraud in violation of 18 U.S.C. § 1546(a), you must be convinced that the government has proven the following three elements beyond a reasonable doubt:

<u>First</u>:     That the defendant knowingly and willfully caused a document to be presented to the Department of Homeland Security, Bureau of Citizenship and Immigration Services.  Here, the government contends that the document is a work contract submitted in support of a visa extension;

<u>Second</u>:     That the document was one which was required by immigration laws or regulations; and

<u>Third</u>:     That defendant knew, at the time she presented the document,  that it contained a false statement with respect to a material fact.

To present a document means to offer if to immigration officials for acceptance or consideration.  In order to find the defendant guilty, you need not find that she personally presented the document to immigration officials.  You may find her guilty if she willfully caused another to do so.   An act is done "willfully" if done purposefully.  I remind you that "knowingly" means voluntarily and intentionally, and not because of mistake or accident and

that you may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly and willfully.

In order to find that a document was required by immigration laws or regulations, you need not find that the document was an official immigration form. It is sufficient if the false statement presented by the defendant was included in any affidavit or other document required to be attached to an application or other immigration form.

A statement is "false" if it is untrue when made. A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision maker to which it was addressed. The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material. a false document was knowingly presented if  the defendant knew that it was false or if she demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.


Authority:

*General*

First Circuit Pattern Jury Instructions, 4.15 (modified for presentation of false documents)

Sand, Modern Federal Jury Instructions, 47-8 (modified) and Comment (explaining broad reach of statute to apply to variety of document submitted for entry); 47-10 (explaining no requirement that document be an official immigration document).

18 U.S.C. § 2(b)

*Applicability of Statute to Defendant's Conduct*

United States v. Ramirez, 420 F.3d 134, 140 (2nd Cir. 2005) ("The statute proscribes the making of, or subscribing to, false statements under oath, as well as the presentation of documents containing such statements.").

United States v. Khalje, 658 F.2d 90, 91-92 (2d Cir. 1981) ("Appellant contends that the presentment portion of the statute applies only to a false statement made under oath or subscribed to under penalty of perjury, on the theory that the phrase "any such false statement" in the presentment portion refers back to statements covered by the oath-taking portion and incorporates the oath or affirmation requirement. We disagree. We construe the phrase "any such false statement" in the presentment portion to refer back only to the phrase "any false statement with respect to a material fact." This construction carries out the apparent Congressional purpose of penalizing both those who swear to materially false statements in visa applications and those who present materially false statements in such applications, whether or not the latter swear to such statements.").

*18 U.S.C. § 2(b)(caused to be presented).*

United States v. Footman, 215 F.3d 145, 154 (1st Cir. 2000) ("When aiding and abetting is involved, then, the . . . "cause" language from § 2 is properly part of the jury's instruction").

United States v. Leppo, 177 F.3d 93, 97 (1st Cir. 1999) ("the willful causation to which [§ 2(b)] refers must be purposeful").

United States v. Hollis, 971 F.2d 1441, 1451 (10th Cir. 1992) (holding 2(b)'s willfulness requirement does not necessitate proof that the defendant was specifically aware of the law penalizing his conduct.).

*Willfulness not Required as part of § 1546(a)*

United Stats v. Polar ,369 F.3d 1248, 1252 (11th Cir. 2004) ("Neither the language of the statute nor case law interpreting it supports [the] novel contention that § 1546(a) requires proof of willfulness. . . . [n]othing in this language suggests a scienter requirement beyond that the requirement that the defendant acted "knowingly.").

*Present – defined*

Compact Oxford English Dictionary On Line, (defining the verb present to mean, inter alia, to "offer for acceptance or consideration.")

30

*Document required by immigration law or regulation*

United States v. Ryan-Webster, 353 F.3d 353, 361-63 (4th Cir. 2003) (holding that, by amending 1546(a) in 1996, Congress broadened scope of documents that fell under its reach to include documents prescribed for entry by any statute or regulation, not just those documents absolutely necessary for entry).

*Materiality – defined*

United States v. Matsumaru, 244 F.3d 1092, 1101 (9th Cir. 2001) ("A statement is material if it is capable of affecting or influencing a governmental decision. The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material." )(internal quotations and citation omitted).

*Knowledge of falsity – defined*

First Circuit Pattern Jury Instructions, 4.15 ("A false statement is made "knowingly" if [defendant] knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.").

31

UNITED STATES' PROPOSED JURY INSTRUCTION #17

Counts 9 and 10: Harboring and Attempted Harboring

Counts 9 and 10 charge the defendant with harboring and attempting to harbor aliens for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(1). Count Nine relates to Tri and Count Ten relates to Ro. 18 U.S.C. § 1324(a)(1) states, in relevant part:

> [Any person who] knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to . . . harbor . . . such alien in any place, including any building or any means of transportation;

> [shall be guilty of an offense against the United States].

Authority:

8 U.S.C. § 1324.

32

UNITED STATES' PROPOSED JURY INSTRUCTION #18

Harboring – Elements

In order to prove the crime of harboring illegal aliens for financial gain, the government must establish beyond a reasonable doubt each of the following elements:

First:          That Tri, in Count 9, and Ro, in count 10, are aliens who have remained in the United States in violation of law;

Second:     That the defendant harbored the alien;

Third:        That the defendant knew, or acted in reckless disregard of the fact, that the alien remained in the United States in violation of law;

Fourth:      That the defendant acted willfully in furtherance of the alien's illegal presence in the United States;

Fifth:         That the defendant acted for the purpose of commercial advantage or private financial gain.

Authority:

L. Sand, *et al.*, Modern Federal Jury Instruction, 33A-15 (modified).

United States v. Guerra-Garcia, 336 F.3d 19, 23 (1st Cir. 2003) ("As the district court instructed the jury, to convict on [8 U.S.C. § 1324(a)(1)(A)(ii)(transporting aliens)], the Government had to prove: (1) the alien named in the indictment . . . was not lawfully in the United States; (2) defendants knew or recklessly disregarded that fact; (3) defendants transported the alien into the United States; and (4) defendants acted willfully in furtherance of the alien's illegal presence in the United States").

UNITED STATES' PROPOSED JURY INSTRUCTION #19

<u>Harboring – First Element</u>

The first element which the government must prove beyond a reasonable doubt is that, Tri, in Count 9, and Ro, in Count 10, were aliens who remained in the United States in violation of the law.

An alien is a person who is not a natural-born or naturalized citizen, or who is not a national of the United States.

<u>Authority:</u>

L. Sand, *et al.*, <u>Modern Federal Jury Instruction</u>, 33A-9, 33A-15.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, <u>2B Fed. Jury Prac. & Instr.</u> § 61.10 (Westlaw 2006).

UNITED STATES' PROPOSED JURY INSTRUCTION #20

Harboring – Second Element

The second element the government must prove is that the defendant harbored Tri or Ro. "Harboring" simply means "to afford shelter to."  The statute prohibits conduct which tends to directly and substantially facilitate an alien's remaining in the United States illegally.  You need not find that the defendant acted secretly or that the harboring of the alien was clandestine.  If you find, on the basis of all the evidence, that the government has proved that a defendant harbored an illegal alien in a way which tended to substantially facilitate the alien's remaining in the United States illegally, this element has been satisfied as to that defendant.

Authority:

L. Sand, *et al.*, Modern Federal Jury Instructions, 33A-18 (modified).

United States v. Lopez, 521 F.2d 437, 441(2d Cir. 1975) (noting that "primary meaning" of "harbor" is "to give shelter or refuge to").

United States v. Acosta De Evans, 531 F.2d 428, 430 (9th Cir. 1976) (no requirement that sheltering be clandestine to violate statute).

UNITED STATES' PROPOSED JURY INSTRUCTION #21
<u>Harboring – Third Element</u>

The third element of the offense which the government must prove beyond a reasonable doubt is that the defendant knew that the alien remained in the United States in violation of the law, or that the defendant acted in reckless disregard of that fact.

Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. As I previously explained, a defendant's knowledge may be proven by what the defendant said and did and by all the facts and circumstances surrounding the case, since direct proof is rarely available to establish the state of a person's mind.

As I have previously instructed you, an act is done knowingly only if it is done purposely and deliberately, and not because of accident, mistake, negligence, or other innocent reason. If you find beyond a reasonable doubt that the defendant actually knew of the alien's illegal status, then this element is satisfied.

Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that the defendant acted with reckless disregard of the facts concerning the alien's status. The phrase "reckless disregard of the facts" means deliberate indifference to facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged alien was in fact an alien and was in the United States unlawfully. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. If you find beyond a reasonable doubt that the defendant deliberately avoided knowledge about Tri or Ro's immigration status, you may infer knowledge.

36

Like actual knowledge, reckless disregard may be inferred from the surrounding facts and

circumstances.


Authority:

L. Sand, *et al.*, Modern Federal Jury Instructions, 33A-15.


Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee. 2B Fed. Jury Prac. & Instr. §
61.06, (Westlaw 2006) (essential elements of the offense).


*Reckless disregard – defined*


Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee. 2B Fed. Jury Prac. & Instr. §
61.11 (Westlaw 2006) (reckless disregard defined).


United States v. Gonsalves, 435 F.3d 64, 70 (1st Cir. 2006) (case involving drug alteration in
which the First Circuit upheld instruction defining "reckless disregard"  to mean that the
defendant "deliberately closed his eyes to what would otherwise have been obvious to him. No
one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding
beyond a reasonable doubt of an intent of the defendant to avoid knowledge or enlightenment
would permit the jury to infer knowledge.").

UNITED STATES' PROPOSED JURY INSTRUCTION #22

<u>Harboring – Fourth Element</u>

The Fourth Element that the government must prove is that the defendant acted willfully in furtherance of the alien's illegal presence in the United States.  I remind you that willfully means purposefully.   The government need not present direct evidence that the defendant intended to further the alien's illegal presence in the United States.  You may infer such intent from circumstantial evidence and may consider all of the facts and circumstances in deciding whether the defendant acted willfully, including whether she received any benefit from the alien's illegal presence in the United States.

<u>Authority:</u>

<u>United States v. Hernandez-Guardado</u>, 228 F.3d 1017, 1023 (9th Cir. 2000) ("The Government need not prove by direct evidence a defendant's intent to further the presence of an illegal alien.")

38

UNITED STATES' PROPOSED JURY INSTRUCTION #23

Harboring – Fifth Element

The final element is that the defendant harbored Tri and Ro for the purpose of commercial advantage or private financial gain.

"Commercial advantage" and "private financial gain" are to be understood according to their normal and ordinary meanings. "Commercial advantage" is a profit or gain obtained through business activity. "Private financial gain" is profit or gain specifically for a particular person or group.

The government is not required to show that the defendant actually received a cash benefit in order for this element to be satisfied. If you find beyond a reasonable doubt that a defendant acted in order to receive some economic benefit, then this element has been proven as to that defendant, whether or not the defendant actually received financial gain. Of course, whether the defendant did or did not actually receive a financial gain is evidence you may consider in deciding whether a defendant acted for the purpose of achieving financial gain.

Authority:

L. Sand, *et al.*, Modern Federal Jury Instructions, 33A-13.

United States v. Zheng, 306 F.3d 1080, 1086 (11th Cir. 2002) ("The usual meaning of commercial is of, in, or relating to commerce. Commerce is defined as the exchange or buying and selling of commodities esp. on a large scale. The word advantage signifies a more favorable or improved position or condition; a benefit, profit, or gain of any kind. Thus, a common-sense understanding of commercial advantage is a profit or gain in money obtained through business activity. Furthermore, we must ascribe an ordinary meaning to the phrase private financial gain. Private is ordinarily intended for or restricted to the use of a particular person or group or class of persons. Financial is defined as relating to finance, which in turn is defined as "the obtaining of funds or capital. A gain is considered an increase in or addition to what is of profit, advantage,

39

or benefit. Accordingly, the common meaning attributed to private financial gain is an additional profit specifically for a particular person or group.") (internal quotations and dictionary citations omitted).

United States v. Kim, 193 F.3d 567, 576-77 (2d Cir. 1999) ("The phrases 'commercial advantage' and 'financial gain' are not defined in the statute or the Application Notes, but their meanings are hardly arcane. The usual meaning of 'commercial,' for example, is 'relating to commerce,' or 'from the point of view of profit: having profit as the primary aim,' while 'advantage' signifies a 'benefit, profit, or gain of any kind.'") (citations and quotations omitted).

UNITED STATES' PROPOSED JURY INSTRUCTION #24

<u>Harboring – Attempt</u>

Counts Nine and Ten charge the defendant not only with harboring, but also with attempted harboring for financial gain.  You may find the defendant guilty of a harboring count even if you do not find that she completed the offense, so long as you find that the defendant attempted to commit the crime.  If you find that the defendant completed the offense, you need not consider whether that defendant was guilty of attempt.

As I previously instructed you, to find the defendant guilty of attempt, you must find that the government proved the following two elements beyond a reasonable doubt:

<u>First</u>:          That the defendant intended to commit the crime; and

<u>Second</u>:      That the defendant engaged in a purposeful act that, under the circumstances as she or she believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated her criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme.  A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.  The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.  There is no requirement that the defendant know that what she was attempting to do was a crime.

41

Authority:

First Circuit Pattern Jury Instructions 4.01.

18 U.S.C. § 1594(a) ("Whoever attempts to violate section 1581, 1583, 1584, 1589, 1590, or 1591 shall be punishable in the same manner as a completed violation of that section.").

United States v. De Leon, 270 F.3d 90, 92 (1st Cir. 2001) (holding that while attempted reentry in to the United States, like most attempt statutes, is a specific intent crime, there is no requirement that the defendant additionally know that what [s]he proposes to do is criminal conduct).

United States v. Doyon, 194 F.3d 207, 210 (1st Cir. 1999) (" we have viewed the two key elements of the offense of attempt as (1) an "intent" to commit the substantive offense and (2) a "substantial step towards [its] commission.").