UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>            Plaintiff,         )<br>                                  )<br>    v.                            )   CRIMINAL NO. 05-10085-RCL<br>                                  )<br>HANA AL JADER,                    )<br>            Defendant             ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**LINDSAY, D.J.**

WHEREAS, on March 29, 2005, a federal grand jury sitting in the District of Massachusetts returned a ten-count Indictment charging defendant Hana Al Jader (the "Defendant"), with Forced Labor and Attempted Forced Labor, in violation of 18 U.S.C. §§ 1589 and 1594 (Counts One and Two); Document Servitude, in violation of 18 U.S.C. § 1592(a) (Counts Three and Four); Falsification of Records, in violation of 18 U.S.C. §§ 1519 and 2 (Counts Five and Six); Visa Fraud, in violation of 18 U.S.C. §§ 1546(a) and 2 (Counts Seven and Eight); and Harboring an Alien in the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i) (Counts Nine and Ten);

WHEREAS, the Indictment also sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(6), of any conveyance, including any vessel, vehicle, or aircraft, used in the commission of one or more of the offenses alleged in Counts Nine and Ten of the Indictment; and any and all property, real or personal, that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of such

offense; or that is used to facilitate, or is intended to be used to facilitate the commission of such offense;

WHEREAS, the Indictment specifically identified the following property as forfeitable to the United States:

    a) the real property located at 339 Mystic Street, Arlington, Massachusetts, more specifically described in the deed recorded on September 26, 2003, in the South Middlesex County registry of deeds, book 41030, page 479 (the "Arlington Property"); and

    b) 62 Cambridge Street, Winchester, Massachusetts, more specifically described in the deed recorded on July 13, 2001, in the South Middlesex County registry of deeds, book 33250, page 379 (the "Winchester Property");

WHEREAS, the Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such Property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b);

WHEREAS, on September 5, 2006, the Defendant pled guilty to Counts Seven through Ten of the Indictment, pursuant to a written

plea agreement (the "Agreement");

WHEREAS, the Defendant admitted in the Agreement that the Arlington Property is subject to forfeiture on the grounds that it is property used, or intended to be used, to commit or facilitate the commission of the crimes charged in Counts Nine and Ten of the Indictment, and consented to the forfeiture of any and all of her interest in the Arlington Property;

WHEREAS, the United States is not pursuing forfeiture of the Winchester Property;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Arlington Property, or substitute assets, in a value up to the value of the Arlington Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the Defendant's admissions in the Agreement, that the United States has established the requisite nexus between the Arlington Property and the offenses to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Arlington Property are hereby forfeited to the United States of America for

3

disposition pursuant to 18 U.S.C. § 982(a)(6).

2. If the Arlington Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(6).

3. The United States Department of Homeland Security shall seize and hold the Arlington Property in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), incorporated by 18 U.S.C. § 982(b), the United States Department of Homeland Security will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Arlington Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Arlington Property must file a petition with the Court within thirty (30)

days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Arlington Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Arlington Property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Arlington Property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2006.

Dated: _____

_____
REGINALD C. LINDSAY
United States District Judge

5